**DELHI GAS PIPELINE CORPORATION, Relator,**

v.

**The Honorable Morris W. HASSELL, Judge, 2nd District Court, Cherokee County, Texas, and Texas Crude, Inc., Respondents.**

No. 12–87–0056–CV.

Court of Appeals of Texas, Tyler.

April 28, 1987.

Rehearing Denied May 29, 1987.

**160**

John S. Ament, Jacksonville, Roger Townsend, Houston, W.S. Barron, Jr., Dallas, Dick Davis, Tyler, for relator.

Steven R. Guy, Rusk, Russell H. McMains, Corpus Christi, Mike Hatchell, Tyler, for respondents.

COLLEY, Justice.

In June 1978 Delhi Gas Pipeline Corporation, relator, as purchaser, entered into a gas purchase agreement with Texas Crude Purchasing, Inc., as seller, who thereafter assigned its rights thereunder to Texas Crude, Inc., respondent. A dispute arose between the parties over the true meaning of some of the language of the agreement. Suit was filed[1] by relator against respondent to recover damages, attorney's fees, interest, and declaratory relief under the Uniform Declaratory Judgments Act.[2] On August 14, 1986, the suit terminated in judgment in favor of respondent for damages in the sum of $114,967,330.96 and a declaratory judgment under section 37.002 fixing the price that relator was required to pay respondent for gas purchases under the agreement, and declaring that relator had no rights under the agreement to unilaterally redetermine the price of gas delivered under the contract or to terminate the agreement without respondent's consent. Relator perfected an appeal[3] from that judgment, and on October 27, 1986, filed a properly conditioned and executed supersedeas bond in the trial court in the amount of the monetary award in the judgment. The bond recites the fact of the entry of the judgment, the amounts of the awards therein for contractual, tort, and exemplary damages, prejudgment interest, attorney's fees, and further recites the "granting [of] a declaratory judgment as to the price to be paid by [relator to respondent] for natural gas under certain Gas Purchase Agreements; from which judgment [relator] desires to appeal ...; and WHEREAS, [rela-

---

1. Cause No. 85–7–540 on the docket of the 2nd Judicial District Court of Cherokee County, the Honorable Morris W. Hassell, Judge.

2. Tex.Civ.Prac. & Rem.Code Ann. § 37.002 (Vernon 1986). All references made to sections herein are to that code unless otherwise noted.

3. Our cause number 12–86–255–CV (unsubmitted).

tor] ... desires to suspend execution of said judgment pending determination of the appeal...."

On February 25, 1987, respondent filed a postjudgment action[4] in the same court, seeking to recover damages for gas purchases made by relator subsequent to the judgment at the price fixed by the declaratory judgment now on appeal.

Relator by its petition in this proceeding seeks a writ of prohibition enjoining the Honorable Morris W. Hassell, Judge of the 2nd Judicial District Court of Cherokee County, from entertaining the second suit or "exercising jurisdiction [over the same] ... other than to dismiss that action for want of jurisdiction," and a writ of injunction, enjoining respondent from prosecution of the second suit. Relator claims the supersedeas bond filed by it "effectively supersedes the entire judgment." Respondent disputes this claim, contending that the declaratory judgment is not superseded because relator failed to comply with Rule 47(f);[5] and because the form and content of the bond, when considered with the fact that the *amount* of the bond covers only the "monetary aspects of the judgment," clearly reveals that the declaratory judgment as not superseded. Respondent argues the second suit is authorized by section 37.011[6] since the de-

claratory judgment is unsuperseded. Respondent cites in support of this contention, *Valley Oil Co. v. City of Garland,* 499 S.W.2d 333 (Tex.Civ.App.—Dallas 1973, no writ). We disagree with respondent's contention that the supersedeas bond does not operate to suspend the enforcement of the declaratory judgment, but we agree with respondent's position that the amount of the bond is manifestly insufficient to protect respondent's rights under the judgment should it be affirmed on appeal. We are of the opinion that relator's failure to request the trial judge to *fix the amount* of the supersedeas bond respecting the declaratory judgment does not render the bond filed by relator ineffective. Rules 47–49 must be read together. Rule 47(f) does not authorize the trial judge to deny the suspension by supersedeas of the "other judgment" unless the plaintiff in the judgment files a bond or makes a deposit.[7] It is undisputed that respondent did not file a bond or make a deposit as contemplated by rule 47(f). Hence, the question raised by the record is one of the sufficiency of the bond rather than its validity. *Berry v. Curtis,* 227 S.W.2d 396, 397 (Tex.Civ.App. —Fort Worth 1950, no mand.). Rule 49(a)[8] authorizes this court to determine the initial and continuing sufficiency of the bond posted by relator on appropriate motion by respondent.

**4.** Under trial court cause number 87–2–139.

**5.** Reading,

(f) Other Judgment. When the judgment is for other than money or property or foreclosure, the bond or deposit shall be in such amount to be fixed by the said court below as will secure the plaintiff in judgment in any loss or damage occasioned by the delay on appeal, but the court may decline to permit the judgment to be suspended on filing by the plaintiff of a bond or deposit to be fixed by the court in such an amount as will secure the defendant in any loss or damage occasioned by any relief granted if it is determined on final disposition that such relief was improper.

All references to rules hereinafter made are to the Texas Rules of Appellate Procedure unless otherwise noted.

**6.** Reading,

Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application must be by petition to a court having jurisdiction to

grant the relief. If the application is deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory judgment or decree to show cause why further relief should not be granted forthwith.

**7.** See note number 5.

**8.** Which reads as follows:

(a) Sufficiency. The sufficiency of a cost or supersedeas bond or deposit or of any other bond or deposit under Rule 47 shall be reviewable by the appellate court for insufficiency of the amount or of the sureties or of the securities deposited, whether arising from initial insufficiency or from any subsequent condition which may arise affecting the sufficiency of the bond or deposit. The court in which the appeal is pending shall, upon motion showing such insufficiency, require an additional bond or deposit to be filed in and approved by the clerk of the trial court, and a certified copy to be filed in the appellate court.

■ We conclude that the enforcement of the entire judgment has been superseded pending the appeal in cause number 12–86–0255–CV; therefore, in order to protect our appellate jurisdiction [9] over the subject matter of the appeal in that cause, we grant relator's petition for writ of injunction.

It is the order of this court that Texas Crude, Inc., its officers, agents, servants, employees, and attorneys are hereby enjoined from further prosecution of cause number 87–2–139 pending on the docket of the 2nd Judicial District Court of Cherokee County, Texas, and from prosecuting any suit involving the same issues against Delhi Gas Pipeline Corporation in any court in this state, pending the disposition of the appeal in cause number 12–86–0255–CV, or further order of this court; and the Clerk of this Court is directed to issue forthwith a writ of injunction in accordance herewith.

We deny relator's petition for writ of prohibition against the Honorable Morris W. Hassell, Judge. We will not presume that Judge Hassell will take any judicial action in interference with our appellate jurisdiction in the appeal, and relator has not shown that he has, or intends to do so.

SUMMERS, C.J., not participating.

---

**9.** As authorized by Tex.Gov.Code Ann. § 22.221 (Vernon Supp.1987).