



# MEMORANDUM OPINION

No. 04-09-00573-CV

**ORIX CAPITAL MARKETS, LLC**, et al.,
Appellants

v.

**LA VILLITA MOTOR INNS, J.V.**, et al.,
Appellees

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-07339
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice

Delivered and Filed: January 27, 2010

MOTION GRANTED

OPINION ON APPELLANTS' MOTION TO REVIEW SUPERSEDEAS BOND

Before us is a motion to review supersedeas bond filed by appellants Orix Capital Markets,

LLC; Bank of America, N.A.; LNR Partners, Inc.; Capmark Finance, Inc.; Nicholas M. Pyka as

Trustee; Michael N. Blue as Trustee, and Greta E. Goldsby as Trustee (referred to collectively as

"Orix and Capmark"). Orix and Capmark appeal from a judgment enjoining them from foreclosing

on a hotel and granting declaratory relief to the hotel's owners. In their motion, Orix and Capmark argue the trial court had no discretion to deny their request to set a bond amount to suspend the entire judgment. For the following reasons, we grant the motion and remand to the trial court for taking of evidence and, if necessary, the setting of an additional bond amount.

## Background

The appellees in this case, La Villita Motor Inns, J.V.; Executive Motels of San Antonio, Inc.; and S.A. Sunvest Hotels, Inc. ("La Villita"); own and operate the Riverwalk Plaza Hotel in San Antonio, Texas. In September 1998, La Villita borrowed $8.4 million from Amresco Capital, L.P. and signed a note for that amount. La Villita also signed a mortgage, deed of trust, and security agreement, which listed the hotel and other La Villita assets as collateral. La Villita made its monthly payments until a large balloon payment came due in late 2008. When the payment was not made, Orix sent notice to La Villita claiming to be the "special servicer" on the note and demanded immediate payment of over $6 million in principal and interest. Orix then tried to foreclose, and La Villita filed suit to stop the foreclosure. The trial court granted a temporary restraining order and a temporary injunction to prevent the foreclosure. Orix then filed a counterclaim against La Villita to enforce the note.

Following a bench trial, the trial court signed a judgment declaring Orix was not the rightful holder of the note and permanently enjoined Orix from foreclosing on the hotel. The judgment also declared the current principal balance on the note as $6,052,066.52 and enjoined the other defendants from foreclosing on the property, if at all, for eighteen months from the date of the judgment. Additionally, the judgment gave La Villita eighteen months to either pay the amount owed on the

note or refinance the note. Finally, the judgment ordered Orix to pay La Villita attorney's fees in the amount of $110,431.00.

Orix and Capmark appealed the judgment. Orix filed a supersedeas bond in the amount of $118,713.33.

On October 22, 2009, La Villita filed a motion to enforce the judgment, seeking an order compelling Orix and Capmark to: (1) identify the holder of the note; (2) compel the holder of the note to accept the tender made by La Villita; (3) compel the holder to release the note, the deed of trust, and all guaranty agreements and any other liens and obligations associated with the loan documents. According to the motion, La Villita had attempted to pay off the note in accordance with the judgment, but the payment was refused.

On November 5, 2009, the trial court held a hearing on the enforcement motion. Initially, Orix and Capmark argued the supersedeas bond in place was sufficient to supersede the entire judgment. After the trial court determined the supersedeas bond did not operate to supersede the entire judgment, Orix and Capmark asked the trial court to set an additional bond amount so they could supersede the entire judgment. The trial court refused the request to set an additional bond amount.

The trial court granted the motion to enforce judgment and ordered Capmark and the other defendants to release any and all liens they may hold under the terms of any loan documents in this matter, including the release of any liens under any deed of trust, UCC filings, and guaranty agreements which arise under or affect the real property in question.

On November 10, 2009, Orix and Capmark filed the instant motion to review supersedeas bond in this court. The motion asks us to vacate the trial court's November 5, 2009, order enforcing the judgment and, should additional security be required to adequately protect La Villita, to allow an additional twenty days for the filing of a good and sufficient bond. We stayed the trial court's November 5, 2009, enforcement order. Thereafter, La Villita filed a response to the motion, and Orix and Capmark filed a reply.

### SUPERSEDEAS

Unless the law or the rules of appellate procedure provide otherwise, a judgment may be superseded and enforcement of the judgment suspended pending appeal. TEX. R. APP. P. 24.1(a). Supersedeas preserves the status quo of the matters in litigation as they existed before the issuance of the judgment from which an appeal is taken. *Smith v. Texas Farmers Ins. Co.*, 82 S.W.3d 580, 585 (Tex. App.—San Antonio 2002, pet. denied).

Texas Rule of Appellate Procedure 24.1 sets out the requirements for suspending enforcement of a judgment pending appeal in civil cases. TEX. R. APP. P. 24.1. A judgment debtor may supersede the judgment by filing with the trial court a good and sufficient bond. TEX. R. APP. P. 24.1(a)(2). A supersedeas bond must be in the amount required by Rule 24.2 of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 24.1(b)(1)(A). Under Rule 24.2, the amount of the bond depends on the type of judgment. TEX. R. APP. P. 24.2(a). When the judgment is for the recovery of money, the amount of the bond must equal the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment. TEX. R. APP. P. 24.2(a)(1). When the judgment is for the recovery of an interest in real or personal

property, the trial court will determine the type of security that the judgment debtor must post. TEX. R. APP. P. 24.2(a)2). When the judgment is for something other than money or an interest in property, the trial court must set the amount and type of security that the judgment debtor must post. TEX. R. APP. P. 24.2(a)(3).

Rule 24.4 authorizes an appellate court to engage in a limited supersedeas review. On any party's motion, we may review: (1) the sufficiency or excessiveness of the amount of security; (2) the sureties on a bond; (3) the type of security; (4) the determination whether to permit suspension of enforcement; and (5) the trial court's exercise of discretion in ordering the amount and type of security. TEX. R. APP. P. 24.4(a). We may require that the amount of a bond be increased or decreased, and that another bond be provided and approved by the trial court clerk. TEX. R. APP. P. 24.4(d). We may also require other changes in the trial court order, and remand for entry of findings of fact or for the taking of evidence. *Id*. We review the sufficiency of a supersedeas bond for an abuse of discretion. *TransAmerican Natural Gas Corp. v. Finkelstein*, 905 S.W.2d 412, 414 (Tex. App.—San Antonio 1995, writ dism'd).

## DISCUSSION

Here, Orix and Capmark argue the trial court abused its discretion by refusing their request to set a bond to supersede the entire judgment. Because the judgment in this case is primarily declaratory in nature, it is governed by Texas Rule of Appellate Procedure 24.2(a)(3), which provides:

> When the judgment is for something other than money or an interest in property, the trial court must set the amount and type of security that the judgment debtor must post. The security must adequately protect the judgment creditor against loss or

damage that the appeal might cause. But the trial court may decline to permit the judgment to be superseded if the judgment creditor posts security ordered by the trial court in an amount and type that will secure the judgment debtor against any loss or damage caused by the relief granted the judgment creditor if an appellate court determines, on final disposition, that relief was improper.

TEX. R. APP. P. 24.2(a)(3).

Rule 24.2(a)(3) does not afford the trial court any discretion in setting the amount and type of security that the judgment debtor must post, unless the judgment creditor posts security to supersede the judgment debtor's right to supersedeas. *See id*. Here, the record shows the judgment creditor in this case, La Villita, did not post any security. Thus, the trial court had no discretion to decline to allow the judgment to be superseded. When Orix and Capmark asked the trial court to set an amount to supersede the entire judgment, the trial court was required to do so.

La Villita argues the trial court did not abuse its discretion in refusing to set the amount of security because Orix and Capmark failed to make their request in a written motion. We find nothing in Rule 24 requiring that a request to set the amount of security be made in a written motion. Additionally, the record shows La Villita did not object to the lack of a written motion at the hearing.

The case before us is similar to *Delhi Gas Pipeline Corp. v. Hassell*, which involved a judgment for compensatory damages, attorney's fees, interest, and declaratory relief. 730 S.W.2d 159, 161 (Tex. App.—Tyler 1987, orig. proceeding). In *Delhi*, the judgment debtor filed a bond for the full amount of the compensatory damages, attorney's fees, and interest, but did not file a bond to cover the declaratory relief. *Id*. at 160. There, the appellate court concluded the entire judgment was superseded by the bond, but it determined the amount of the bond was manifestly insufficient to protect the judgment creditor's rights should the judgment be affirmed on appeal. *Id*. at 161. In

*Delhi*, the appellate court determined the question raised by the record was a matter of sufficiency of the bond, rather than its validity, and concluded the trial court could not proceed to enforce the judgment. *Id*. Moreover, the appellate court indicated the judgment debtor's failure to ask the trial judge to set the amount of the supersedeas bond to cover the declaratory judgment did not render the bond ineffective. *Id*.

Here, as in *Delhi*, a supersedeas bond was filed for the monetary portion of the judgment. And, as in *Delhi*, the issue is not a question of the validity of the bond, but its sufficiency to adequately protect La Villita against any loss or damage that might be caused by the appeal.

### CONCLUSION

On the record before us, we conclude the trial court abused its discretion in denying Orix's and Capmark's request to set the amount of security under Rule 24.2(a)(3). The relief requested in the motion to review supersedeas bond is granted as follows. We vacate the trial court's November 5, 2009, enforcement order. Because the record does not show the amount of additional security, if any, that would adequately protect La Villita, we remand to the trial court for the taking of evidence and the setting of the amount of additional security if necessary.

Karen Angelini, Justice