•           •           • 
 • • •






MEMORANDUM OPINION

No. 04-09-00573-CV

ORIX CAPITAL MARKETS, LLC, et al.,
Appellants

v.

LA VILLITA MOTOR INNS, J.V., et al.,
Appellees

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-07339
Honorable Barbara Hanson Nellermoe, Judge Presiding
 
Opinion by:    Karen Angelini, Justice
 
Sitting:            Karen Angelini, Justice
Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
 
Delivered and Filed: January 27, 2010 

MOTION GRANTED 
OPINION ON APPELLANTS’ MOTION TO REVIEW SUPERSEDEAS BOND
            Before us is a motion to review supersedeas bond filed by appellants Orix Capital Markets,
LLC; Bank of America, N.A.; LNR Partners, Inc.; Capmark Finance, Inc.; Nicholas M. Pyka as
Trustee; Michael N. Blue as Trustee, and Greta E. Goldsby as Trustee (referred to collectively as
“Orix and Capmark”). Orix and Capmark appeal from a judgment enjoining them from foreclosing
on a hotel and granting declaratory relief to the hotel’s owners. In their motion, Orix and Capmark
argue the trial court had no discretion to deny their request to set a bond amount to suspend the entire
judgment. For the following reasons, we grant the motion and remand to the trial court for taking of
evidence and, if necessary, the setting of an additional bond amount.
Background
            The appellees in this case, La Villita Motor Inns, J.V.; Executive Motels of San Antonio,
Inc.; and S.A. Sunvest Hotels, Inc. (“La Villita”); own and operate the Riverwalk Plaza Hotel in San
Antonio, Texas. In September 1998, La Villita borrowed $8.4 million from Amresco Capital, L.P.
and signed a note for that amount. La Villita also signed a mortgage, deed of trust, and security
agreement, which listed the hotel and other La Villita assets as collateral. La Villita made its monthly
payments until a large balloon payment came due in late 2008. When the payment was not made,
Orix sent notice to La Villita claiming to be the “special servicer” on the note and demanded
immediate payment of over $6 million in principal and interest. Orix then tried to foreclose, and La
Villita filed suit to stop the foreclosure. The trial court granted a temporary restraining order and a
temporary injunction to prevent the foreclosure. Orix then filed a counterclaim against La Villita to
enforce the note. 
            Following a bench trial, the trial court signed a judgment declaring Orix was not the rightful
holder of the note and permanently enjoined Orix from foreclosing on the hotel. The judgment also
declared the current principal balance on the note as $6,052,066.52 and enjoined the other defendants
from foreclosing on the property, if at all, for eighteen months from the date of the judgment.
Additionally, the judgment gave La Villita eighteen months to either pay the amount owed on the
note or refinance the note. Finally, the judgment ordered Orix to pay La Villita attorney’s fees in the
amount of $110,431.00. 
            Orix and Capmark appealed the judgment. Orix filed a supersedeas bond in the amount of
$118,713.33. 
            On October 22, 2009, La Villita filed a motion to enforce the judgment, seeking an order
compelling Orix and Capmark to: (1) identify the holder of the note; (2) compel the holder of the
note to accept the tender made by La Villita; (3) compel the holder to release the note, the deed of
trust, and all guaranty agreements and any other liens and obligations associated with the loan
documents. According to the motion, La Villita had attempted to pay off the note in accordance with
the judgment, but the payment was refused.
            On November 5, 2009, the trial court held a hearing on the enforcement motion. Initially,
Orix and Capmark argued the supersedeas bond in place was sufficient to supersede the entire
judgment. After the trial court determined the supersedeas bond did not operate to supersede the
entire judgment, Orix and Capmark asked the trial court to set an additional bond amount so they
could supersede the entire judgment. The trial court refused the request to set an additional bond
amount.
            The trial court granted the motion to enforce judgment and ordered Capmark and the other
defendants to release any and all liens they may hold under the terms of any loan documents in this
matter, including the release of any liens under any deed of trust, UCC filings, and guaranty
agreements which arise under or affect the real property in question.
            On November 10, 2009, Orix and Capmark filed the instant motion to review supersedeas
bond in this court. The motion asks us to vacate the trial court’s November 5, 2009, order enforcing
the judgment and, should additional security be required to adequately protect La Villita, to allow
an additional twenty days for the filing of a good and sufficient bond. We stayed the trial court’s
November 5, 2009, enforcement order. Thereafter, La Villita filed a response to the motion, and Orix
and Capmark filed a reply.Supersedeas
            Unless the law or the rules of appellate procedure provide otherwise, a judgment may be
superseded and enforcement of the judgment suspended pending appeal. Tex. R. App. P. 24.1(a).
Supersedeas preserves the status quo of the matters in litigation as they existed before the issuance
of the judgment from which an appeal is taken. Smith v. Texas Farmers Ins. Co., 82 S.W.3d 580, 585
(Tex. App.—San Antonio 2002, pet. denied). 
            Texas Rule of Appellate Procedure 24.1 sets out the requirements for suspending
enforcement of a judgment pending appeal in civil cases. Tex. R. App. P. 24.1. A judgment debtor
may supersede the judgment by filing with the trial court a good and sufficient bond. Tex. R. App.
P. 24.1(a)(2). A supersedeas bond must be in the amount required by Rule 24.2 of the Texas Rules
of Appellate Procedure. Tex. R. App. P. 24.1(b)(1)(A). Under Rule 24.2, the amount of the bond
depends on the type of judgment. Tex. R. App. P. 24.2(a). When the judgment is for the recovery of
money, the amount of the bond must equal the sum of compensatory damages awarded in the
judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment. Tex.
R. App. P. 24.2(a)(1). When the judgment is for the recovery of an interest in real or personal
property, the trial court will determine the type of security that the judgment debtor must post. Tex.
R. App. P. 24.2(a)2). When the judgment is for something other than money or an interest in
property, the trial court must set the amount and type of security that the judgment debtor must post.
Tex. R. App. P. 24.2(a)(3).
            Rule 24.4 authorizes an appellate court to engage in a limited supersedeas review. On any
party’s motion, we may review: (1) the sufficiency or excessiveness of the amount of security; (2)
the sureties on a bond; (3) the type of security; (4) the determination whether to permit suspension
of enforcement; and (5) the trial court’s exercise of discretion in ordering the amount and type of
security. Tex. R. App. P. 24.4(a). We may require that the amount of a bond be increased or
decreased, and that another bond be provided and approved by the trial court clerk. Tex. R. App. P.
24.4(d). We may also require other changes in the trial court order, and remand for entry of findings
of fact or for the taking of evidence. Id. We review the sufficiency of a supersedeas bond for an
abuse of discretion. TransAmerican Natural Gas Corp. v. Finkelstein, 905 S.W.2d 412, 414 (Tex.
App.—San Antonio 1995, writ dism’d). 
Discussion
            Here, Orix and Capmark argue the trial court abused its discretion by refusing their request
to set a bond to supersede the entire judgment. Because the judgment in this case is primarily
declaratory in nature, it is governed by Texas Rule of Appellate Procedure 24.2(a)(3), which
provides:
When the judgment is for something other than money or an interest in property, the
trial court must set the amount and type of security that the judgment debtor must
post. The security must adequately protect the judgment creditor against loss or
damage that the appeal might cause. But the trial court may decline to permit the
judgment to be superseded if the judgment creditor posts security ordered by the trial
court in an amount and type that will secure the judgment debtor against any loss or
damage caused by the relief granted the judgment creditor if an appellate court
determines, on final disposition, that relief was improper. 
 
Tex. R. App. P. 24.2(a)(3). 
            Rule 24.2(a)(3) does not afford the trial court any discretion in setting the amount and type
of security that the judgment debtor must post, unless the judgment creditor posts security to
supersede the judgment debtor’s right to supersedeas. See id. Here, the record shows the judgment
creditor in this case, La Villita, did not post any security. Thus, the trial court had no discretion to
decline to allow the judgment to be superseded. When Orix and Capmark asked the trial court to set
an amount to supersede the entire judgment, the trial court was required to do so.
            La Villita argues the trial court did not abuse its discretion in refusing to set the amount of
security because Orix and Capmark failed to make their request in a written motion. We find nothing
in Rule 24 requiring that a request to set the amount of security be made in a written motion.
Additionally, the record shows La Villita did not object to the lack of a written motion at the hearing. 
            The case before us is similar to Delhi Gas Pipeline Corp. v. Hassell, which involved a 
judgment for compensatory damages, attorney’s fees, interest, and declaratory relief. 730 S.W.2d
159, 161 (Tex. App.—Tyler 1987, orig. proceeding). In Delhi, the judgment debtor filed a bond for
the full amount of the compensatory damages, attorney’s fees, and interest, but did not file a bond 
to cover the declaratory relief. Id. at 160. There, the appellate court concluded the entire judgment
was superseded by the bond, but it determined the amount of the bond was manifestly insufficient
to protect the judgment creditor’s rights should the judgment be affirmed on appeal. Id. at 161. In
Delhi, the appellate court determined the question raised by the record was a matter of sufficiency
of the bond, rather than its validity, and concluded the trial court could not proceed to enforce the
judgment. Id. Moreover, the appellate court indicated the judgment debtor’s failure to ask the trial
judge to set the amount of the supersedeas bond to cover the declaratory judgment did not render the
bond ineffective. Id. 
            Here, as in Delhi, a supersedeas bond was filed for the monetary portion of the judgment.
And, as in Delhi, the issue is not a question of the validity of the bond, but its sufficiency to
adequately protect La Villita against any loss or damage that might be caused by the appeal.Conclusion
            On the record before us, we conclude the trial court abused its discretion in denying Orix’s
and Capmark’s request to set the amount of security under Rule 24.2(a)(3). The relief requested in
the motion to review supersedeas bond is granted as follows. We vacate the trial court’s November
5, 2009, enforcement order. Because the record does not show the amount of additional security, if 
any, that would adequately protect La Villita, we remand to the trial court for the taking of evidence
and the setting of the amount of additional security if necessary.
Karen Angelini, Justice