**Thomas Othon MUDD, III, Appellant,**

v.

**Angela Maria MUDD, Appellee.**

**No. 04–83–00335–CV.**

Court of Appeals of Texas,
San Antonio.

Nov. 2, 1983.

Emilio Davila, Jr., Laredo, Thomas H. Crofts, Jr., Groce, Locke & Hebdon, San Antonio, for appellant.

Pat Maloney, Sr., Law Offices of Pat Maloney, San Antonio, for appellee.

Before CANTU, TIJERINA and DIAL, JJ.

## OPINION

CANTU, Justice.

Appellant and appellee were granted a divorce and judgment was entered on May 26, 1983. An appeal was timely perfected by the deposit of cash in lieu of bond.

The trial court originally entered an order setting a lump sum supersedeas bond in the amount of $4,000,000.00. Not being able to obtain a bond in that amount, appellant filed a motion requesting the trial court to set the amount of a bond sufficient to supersede only a part of the judgment. This motion was denied. Appellant then filed in this Court a motion for leave to file a petition for writ of mandamus, seeking a writ to compel the trial court to set a partial bond.

While this motion was pending, and before any action was taken by this Court, the trial court entered an order setting a partial supersedeas bond in the amount of $1,200,000.00, to supersede two parts of the judgment, to-wit: awards of (1) a recovery of money totaling $153,750.00 and (2) possession of "all Persian rugs" and "all oil paintings" in appellant's possession, which the trial court found to have a total maximum value of $481,000.00.

The money portion of the judgment and the maximum value of the personal property, as found by the trial court, total $634,750.00. Accrued court costs total $7,563.78.

Appellant filed a motion asking this Court to order that the amount of the partial supersedeas bond set by the district court at $1,200,000.00 be reduced to approximately $642,313.78 plus interest. On October 5, 1983, we denied the motion with the notation that there had been no showing or allegation that the bond could not be made by the appellant. Appellant subsequently filed a motion for rehearing of this cause in which he alleged that he has attempted to make the bond but has been unable to procure a bond in the amount set by the trial court.

We grant the motion for rehearing and hold that the partial supersedeas bond as set by the trial court is excessive and unreasonable. Hence the order of the trial court is set aside, and in lieu, we hereby set the amount at $700,122.02, to be conditioned as required by law, on the giving of which by the appellant, and on its being approved and filed by the clerk of the court below, a writ of supersedeas will issue pending the appeal.

Appellee asserts that we lack authority to review the action of the trial court in fixing the amount of the supersedeas bond. She relies on the case of *Har-*

*rington v. Young Mens Christian Association of Houston and Harris County*, 440 S.W.2d 354, 359 (Tex.Civ.App.—Houston [1st Dist.] 1969), *rev'd on other grounds*, 452 S.W.2d 423 (Tex.1970), which held that the appellate court was without authority to review the action of the trial court in fixing the amount of the supersedeas bond. We disagree with the holding of the Houston Court.

■ TEX.R.CIV.P. 364(a) and (d) provides:

    (a) An appellant desiring to suspend the execution of the judgment may do so by giving a good and sufficient bond to be approved by the clerk, payable to appellee in a sum at least the amount of the judgment, interest and costs, conditioned that the appellant shall prosecute his appeal or writ of error with effect; and in case the judgment of the Supreme Court or the Court of Civil Appeals shall be against him, he shall perform its judgment, sentence or decree, and pay all such damages as said court may award against him.

    \*    \*    \*    \*    \*    \*

    (d) Where the judgment is for the recovery of or foreclosure upon specific personal property, the appellant may supersede the judgment in so far as it decrees the recovery of or foreclosure against said specific personal property by giving a supersedeas bond in an amount to be fixed by the court below, not less than the value of said property on the date of rendition of judgment, but if the amount of the supersedeas bond is less than the amount of the money judgment with interest and costs, then the appellee shall be allowed to have his execution against any other property of appellant.

When an appeal has been perfected, as in this case, we acquire plenary exclusive jurisdiction over the entire controversy. *See Ammex Warehouse Co. v. Archer*, 381 S.W.2d 478, 482 (Tex.1964).

The Dallas Court of Civil Appeal, in *Joy v. Joy*, 153 S.W.2d 180 (Tex.Civ.App.—Dallas 1941, writ dism'd), exercised that power in reviewing the amount of a partial bond set by the trial court. The Court stated:

    ... and as the trial court has not refused to set the amount of the bond, but, as contended by the appellant, set the same at an excessive, unreasonable and prohibitive amount; and, as we have jurisdiction of the case for all practical purposes, we think our authority to review the action of the trial court in this respect, as in others brought up on appeal, is undoubted, and that it is the province of this Court to judge of the reasonableness, whether or not, of the bond, as set by the trial court, and, if found excessive and unreasonable, to set aside the action of the trial court and make such an order as should have been made, requiring the giving of a bond in an amount that, in our judgment, will indemnify appellee for probable damages that may result by reason of the suspension of the judgment pending the appeal....

*Id.* at 183.

■ Rule 364, *supra*, only prescribes the least amount at which the bond can be set, it does not prescribe any exact amount. However, the intent of the statute is that pending the appeal the supersedeas bond should always be in an amount and with sufficient sureties *to enable the appellee to collect the judgment* against the appellant and his sureties if it is affirmed. Therefore, the bond should be in a sum at least the amount of the judgment plus an estimated amount of interest which will probably accrue during the appeal at the rate prescribed in the judgment, plus the estimated amount of the costs. *See* TEX. R.CIV.P. 364, interp. comment (Vernon 1967). This does not authorize a trial court to set a bond which would be grossly inequitable. To do so would seriously interfere with, and in fact often defeat the right of an appellant to suspend the judgment pending appeal.

Because we feel that the amount of the partial supersedeas bond in this case is

excessive and unreasonable, and based upon our plenary exclusive jurisdiction over this appeal, we set aside the action of the trial court and set the bond at $700,122.02, which is the total maximum amount of the value of the personal property as found by the trial court, the cash award, and the costs of the suit, plus one year's interest at nine percent (9%) per annum.

The motion for rehearing is granted and the bond is herein reduced.