MAN–GAS TRANSMISSION COMPANY, Clinton Manges, and Duval County Ranch Company, Appellants,

v.

OSBORNE OIL COMPANY, Aztec Petroleum Corporation, Aio Joint Venture, Aztec 80–A Ltd., and Aztec Chittim Joint Venture, Appellees.

No. 04–85–00124–CV.

Court of Appeals of Texas, San Antonio.

April 4, 1985.

Marynell Maloney, Maloney & Maloney, San Antonio, for appellants.

Norman Riedmueller, Houston, James S. Robertson, Jr., Randall C. Grasso, Dallas, for appellees.

Before CANTU, TIJERINA and DIAL, JJ.

## OPINION

PER CURIAM.

Appellants in the above entitled and numbered appeal have filed a motion to alter the amount and type of supersedeas bond set by the district court. The motion is opposed by appellees.

On December 13, 1984, the Honorable Ben Martinez, District Judge of the 293rd Judicial District Court of Maverick County, Texas, entered a judgment in this cause against appellants in the amount of $1,742,402.54, plus interest, along with $100,000.00 in attorney's fees, and an injunction restraining appellants from interfering with appellees' use of appellants' gas gathering facilities.

Pursuant to appellants' Application for Order Fixing Amount of Supersedeas Bond, Judge Martinez ordered the bond fixed at $2,539,363.54 for dollar damages, interest and attorney's fees, and $2,460,636.46 for the injunction, to be made by a recognized corporate surety.

Subsequently, pursuant to appellees' motion, Judge Martinez ordered that appellees could prevent suspension of the permanent injunction by filing a corporate surety bond in the amount of $100,000.00.

Appellants' Motion to Modify Order Regarding Surety, which asserted that requiring a corporate surety was an onerous burden, was denied by Judge Martinez.

When an appeal has been perfected, as in this case, we acquire plenary exclusive jurisdiction. *Ammex Warehouse Co. v. Archer*, 381 S.W.2d 478, 482 (Tex. 1964); *Mudd v. Mudd*, 665 S.W.2d 128, 130 (Tex.App.—San Antonio 1983, mand. overr.). Accordingly, we have authority to review the action of the trial court in fixing the amount of the supersedeas bond. *Mudd, supra;* TEX.R.CIV.P. 365.

The presiding judge is authorized to set the amount of the supersedeas bond which, when approved by the district clerk, supersedes the judgment. *Kunz v. Spears*, 527 S.W.2d 520, 521 (Tex.Civ.App. —San Antonio 1975, no writ). The right to supersede a judgment pending appeal is a matter of right and not a matter within the discretion of the trial judge. *Weber v. Walker*, 591 S.W.2d 559, 562 (Tex.Civ.App. —Dallas 1979, no writ). The trial judge's discretion extends only to the amount of the supersedeas bond and not to whether the bond should be granted. *Continental Oil Co. v. Lesher*, 500 S.W.2d 183, 185 (Tex.Civ.App.—Houston [1st Dist.] 1973, no writ). Under the statute governing supersedeas bonds, the trial court is not authorized to set bond which would be grossly inequitable; to do so would seriously interfere with and in fact often defeat the right of appellant to suspend judgment pending appeal. *Mudd*, 665 S.W.2d at 130. The cost of obtaining a corporate surety seriously interferes with appellants' rights to suspend judgment. Accordingly, the requirement that the surety be corporate is vacated.

Further, the injunctive relief is ancillary to what is essentially a money judgment, which controls the rights of appellants to a supersedeas bond under Rule 364(b). The order which allows appellees to overcome suspension of the injunction by posting a $100,000.00 bond effectively denies appellants their right to supersede the judgment pending appeal and is, therefore, null and void. Once the trial court grants appellant the right to a supersedeas bond, it cannot thereafter render meaningless the right to supersede the judgment by permitting appellee, as an afterthought, to file a bond.