



## MEMORANDUM OPINION

No. 04-10-00174-CV

Kenneth Richard **GRIFFITH**,
Appellant

v.

Martha Hightower **GRIFFITH**,
Appellee

From the County Court at Law, Medina County, Texas
Trial Court No. 09-01-5052-CCL
Honorable Vivian Torres, Judge Presiding

### INTERLOCUTORY OPINION ON APPEAL OF ORDER SETTING SECURITY

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Catherine Stone, Chief Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed: August 25, 2010

ORDER SETTING AMOUNT OF SECURITY AFFIRMED

Appellant Kenneth Richard Griffith seeks review of the amount of security set by the trial court to supersede the divorce decree and requests an order setting the amount required to supersede the temporary orders pending appeal.

The parties were divorced November 30, 2009. The divorce decree divided the marital estate, which included two closely held businesses. The decree awarded Kenneth a sixty-percent interest

in the businesses and awarded Martha Hightower Griffith the remaining interest. In addition, the decree contained provisions intended to safeguard Martha's position as a minority interest owner, such as requiring a two-thirds vote to incur additional debt, issue additional shares or ownership interests, or file for bankruptcy. The decree required Kenneth to amend the bylaws and corporate regulations to reflect these provisions. The decree further grants Kenneth an option to purchase Martha's interest in the businesses for $220,000 after certain debt has been paid. On February 19, 2010, the trial court signed temporary orders pending appeal that required Kenneth to return to Martha some of the personal property awarded her in the decree and to take the actions required by the decree regarding the businesses.

After Martha filed a motion to enforce the decree and the temporary orders, Kenneth asked the trial court to set the amount of security required to suspend enforcement of the decree and temporary orders. On the day of the hearing on the motion to set security, Kenneth filed an affidavit in which he states he has a negative net worth. Martha contested the affidavit, but Kenneth did not offer either the affidavit or any other evidence of his net worth at the hearing.

Martha asked the trial court to set security at the $220,000 value of her interest in the businesses plus the value of other property awarded her in the judgment. She testified at the hearing that the replacement cost of some of the items awarded to her and listed in the decree and temporary orders was between thirty and thirty-five thousand dollars, and that she would discount the value by one-half because of their used condition. The trial court set the amount of security required to suspend enforcement of the judgment at $220,000. The court denied Kenneth's motion to supersede the temporary orders.

Kenneth sought review of the trial court's order, reduction of the amount of security to $5,000, and an order that posting a bond in the amount set will supersede the temporary orders as well as the divorce decree. We ordered a record and a response and issued an order staying enforcement of the decree and temporary orders pending our review.

We review the trial court's order setting the amount of security for abuse of discretion. *See Isern v. Ninth Court of Appeals*, 925 S.W.2d 604, 606 (Tex.) (orig. proceeding) (per curiam), *cert. denied sub nom. Watson v. Isern*, 519 U.S. 1042 (1996); *G.M. Houser, Inc. v. Rodgers*, 204 S.W.3d 836, 840 (Tex. App.—Dallas 2006, no pet.). When the judgment is for the recovery of an interest in property, the trial court determines the amount of security with reference to the value of the property. TEX. R. APP. P. 24.2 (a)(2); *see Mudd v. Mudd*, 665 S.W.2d 128, 131 (Tex. App.—San Antonio 1983, no pet.) (reducing amount set by trial court to amount equal to value of personal property and cash awarded in decree, plus costs and one year's interest). In this case, the amount of security set by the trial court is less than the value of the property awarded to Martha in the decree. Accordingly, we cannot say the trial court abused its discretion by setting the amount of security excessively high.

Kenneth asks this court to reduce the amount of the security required to supersede the judgment because of the assertion in his affidavit that he has a negative net worth. However, Kenneth has not sought a reduction of the amount of security pursuant to rule 24.2(b) in the trial court. Although Kenneth filed his affidavit of net worth at the supersedeas hearing, Martha contested the affidavit and Kenneth made no effort to prove its contents. Nor did he plead or attempt to prove that posting security in the amount of $220,000 is likely to cause him substantial economic harm.

Lastly, Kenneth asks the court to set a bond to suspend enforcement of the temporary orders. *See* TEX. FAM. CODE ANN. § 6.709(b) (Vernon 2006) (court of appeals to set conditions for superseding temporary order pending appeal in suit for dissolution of marriage). We order the temporary orders to be superseded on the same conditions as the divorce decree.

In conclusion, we affirm the trial court's order setting amount of supersedeas bond at $220,000, and further order that upon posting of a sufficient bond, enforcement of both the divorce decree and the temporary orders will be suspended.


PER CURIAM