**Order Affirmed and Opinion Filed March 2, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00940-CV

## FIVE STAR GLOBAL, LLC, FIVE STAR GLOBAL HOLDINGS, LLC, FIVE STAR GLOBAL INVESTMENT HOLDINGS, LLC, CALIDANT CAPITAL, LLC A/K/A CCP WOLF HOLDINGS, LLC, DREW N. BAGOT, AND DAVID W. LAI, Appellants
## V.
## MARK HULME AND FIVE POINTS HOLDINGS, LLC, Appellees

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-08643**

## MEMORANDUM OPINION ON MOTION TO REVIEW COUNTER-SUPERSEDEAS BOND
Before Chief Justice Burns, Justice Molberg, and Justice Nowell
Opinion by Chief Justice Burns

Appellants Five Star Global, LLC, Five Star Global Holdings, LLC, Five Star Global Investment Holdings, LLC, Calidant Capital, LLC, Drew N. Bagot, and David W. Lai (collectively "FSG") appeal from the trial court's interlocutory order appointing a receiver over FSG. Before the Court is appellants' motion to review the trial court's November 30, 2020 order permitting appellees Five Points Holdings, LLC and Mark Hulme (collectively "FPH") to post a counter-supersedeas bond that

prohibits FSG from suspending enforcement of the receivership order. For reasons that follow, we affirm the trial court's order.

## Background

Hulme is the owner of FPH. In 2018, FPH sold and otherwise assigned certain of its assets to FSG, making FPH and Hulme minority shareholders of FSG. FSG, which is wholly owned by FSG Holdings, was created to hold those assets. FSG employed Hulme as its Chief Creative Officer. His employment was terminated in 2019. Concerned about the financial stability of FSG and unable to obtain information related to its finances, FPH filed the underlying lawsuit in June 2020 and its application for appointment of a receiver two months later.

At the hearing on FPH's application to appoint a receiver, the trial court orally rendered its ruling for a limited receivership and denied FSG's request for a stay pending an interlocutory appeal. In the receivership order, the trial court ordered the appointed receiver to investigate FSG's financial condition and report back to the trial court within sixty days with a recommendation as to whether the receiver's limited powers should be expanded. The order states that "the management and day-to-day operations of FSG shall continue unchanged" without further order of the court. FSG filed an emergency motion for supersedeas bond requesting that the bond be set at $10,000. On October 23rd, the trial court signed an order granting FSG's motion and setting the bond at $10,000. FSG promptly posted the bond.

Subsequently, FPH filed its emergency motion for a counter-supersedeas bond. Following two hearings, the trial court signed an order on November 30th granting FPH's motion and setting the counter-supersedeas bond at $11,875.[1] In the order, the trial court clarified that by signing the initial supersedeas order, it "was not intending to permit its [receivership order] to be superseded." It also stated that the counter-supersedeas order replaces the initial order.

FSG asks that we vacate the counter-supersedeas order and reinstate the initial supersedeas order. We stayed enforcement of the receivership order pending our review.

**The Law**

Texas Rule of Appellate Procedure 29 provides the procedures for suspension of interlocutory orders pending appeal. *See* TEX. R. APP. P. 29. The trial court has discretion to suspend enforcement of a temporary order; no absolute right exists. *See id.* 29.2; *Ridgecrest Holdings, LLC v. City of Dallas*, No. 05-19-00004-CV, 2019 WL 2051816, at *2 (Tex. App.—Dallas May 9, 2019, no pet.) (mem. op.). Rule 29.1 provides, in relevant part, that an appeal from an order granting interlocutory relief does not suspend the appealed order unless the order is suspended in accordance with rule 29.2. *See id.* 29.1(a). Rule 29.2 in turn grants the trial court discretion to suspend an interlocutory order in accordance with appellate rule

---

[1] The receiver estimated his costs for the limited receivership at $21,875. The trial court set the counter-supersedeas bond at $11,875 considering the $10,000 bond already posted by the receiver.

–3–

24. *See id.* 29.2. If the trial court denies supersedeas, the appellant may seek appellate review. *See id.* Under rule 29.3, an appellate court may also "make any temporary orders necessary to preserve the parties' rights until disposition of the appeal and may require appropriate security." *See id.* 29.3. The rule, however, prohibits the appellate court from suspending the trial court's order "if the appellant's rights would be adequately protected by supersedeas or another order made under Rule 24." *See id.*

Rule 24 provides procedures for suspending a judgment based upon the type of judgment being appealed. *See id.* 24.2. When, as here, the judgment is for something other than money or an interest in property, the trial court must set a bond that will adequately protect the judgment creditor against loss or damage that the appeal might cause. *See id.* 24.2(a)(3). Additionally, when the judgment is for something other than money or an interest in property, "the trial court may decline to permit the judgment to be superseded if the judgment creditor posts security ordered by the trial court in an amount and type that will secure the judgment debtor against any loss or damage caused by the relief granted the judgment creditor if an appellate court determines, on final disposition, that that relief was improper." *See id.* A trial court has discretion to deny any party the right to supersede a non-money, non-property judgment. *See In re State Bd. for Educator Certification*, 452 S.W.3d 802, 803 (Tex. 2014). And, nothing in rule 24 prohibits a trial court from reconsidering its orders. *See generally* TEX. R. APP. P. 24; *see also id.* 24.3

–4–

(specifically providing that, even after expiration of its plenary power, trial court retains jurisdiction to order amount and type of security, decide sufficiency of sureties, and, if circumstances change, modify the amount or type of security).

On any party's motion, we may review a trial court's ruling on supersedeas including the trial court's refusal to permit an order to be superseded. *See id*. 24.4; 29.2; *WC 1st & Trinity, LP v. Roy F. & JoAnn Cole Mitte Found.*, No. 03-19-00905-CV, 2020 WL 544748, *1 (Tex. App.—Austin Feb. 3, 2020, no pet.) (per curiam) (mem. op.). We review a trial court's ruling for abuse of discretion. *See* TEX. R. APP. P. 24.4(a)(5); 29.2.

## Discussion

In its motion to review the counter-supersedeas order, FSG contends the trial court (1) lacked the authority to enter the counter-supersedeas order and (2) abused its discretion in doing so.

### 1. Authority to Enter the Counter-Supersedeas Order

FSG asserts that the trial court lacked the authority to permit appellee to post a counter-supersedeas bond after it signed the original supersedeas order permitting it to supersede the order. As authority, FSG relies on *Man-Gas Transmission Co. v. Osborne Oil Co.*, 693 S.W.2d 576 (Tex. App.—San Antonio 1985, no writ) (per curiam). *Man-Gas* was an appeal from a final judgment. In *Man-Gas*, the trial court awarded both a money judgment and a permanent injunction preventing the appellants from interfering with the appellees' use of gas gathering facilities. *Id*. at

–5–

577. After setting separate bonds to supersede both the money judgment and the injunction, the trial court granted the appellees' motion and allowed them to post a bond to prevent suspension of the injunction. *Id.* Noting that a party has an absolute right to supersede a money judgment, the court of appeals held the trial court erred in allowing appellees to post a bond to prevent suspension of the injunction because doing so effectively rendered appellants' bond to suspend enforcement of the money judgment meaningless. *Id.*

The holding in *Man-Gas* is not applicable to this case. In contrast to *Man-Gas* that involved both a final money judgment for which supersedeas is a right and a judgment for something other than a money judgment or an interest in property, this appeal involves an interlocutory order for only something other than money or an interest in property. Allowing FSG to supersede the order was wholly within the trial court's discretion. *See* TEX. R. APP. P. 29.2. Moreover, rule 24.2(a)(3) expressly permitted the trial court to allow FPH to post a counter-supersedeas bond. *See* TEX. R. APP. P. 24.2(a)(3). *Man-Gas* does not support FSG's argument that the trial court lacked authority to enter a counter-supersedeas order after the initial supersedeas order. And, nothing in the rules prohibited the trial court from reconsidering the initial supersedeas order. *See generally* TEX. R. APP. P. 24; *see also In re State Bd. for Educator Certification*, 452 S.W.3d at 808.

**2.     Abuse of Discretion to Enter the Counter-Supersedeas Order**

FSG next asserts the trial court abused its discretion in setting the counter-supersedeas bond because it creates a serious risk of irreparable harm to FSG. Specifically, FSG asserts the appointment of a receiver constitutes an event of default under FSG's secured loans. In its motion to review the bond, FSG addresses two secured loans – (1) a $10 million dollar loan from Southfield Mezzanine Capital, L.P. and (2) a "six-figure loan" from Veritex Bank. FSG asserts that if the entire amount of either loan is called and due immediately, it will be unable to make payment and would likely need to consider bankruptcy. FSG further asserts this loss would be devastating to investors, who have invested millions of dollars into FSG, as well as over twenty employees who depend upon FSG for their livelihoods. The appointment of a receiver would also require it to expend significant funds and devote substantial employee time away from day-to-day company operations to gather the financial documents for the receiver.[2]

In its response to FSG's motion, FPH counters that the likelihood that FSG would have to declare bankruptcy is minimal. FPH points out that it is not the appointment of the receiver that creates an event of default under the Southfield loan but the fact that a party moved for the appointment of a receiver.[3] FPH sought the appointment months ago and the lender did not declare a default. FPH asserts that

---

[2] As revealed at the November 30th hearing, a vast amount of FSG's financial documents have been tendered to counsel for FPH. The receiver stated at the hearing that there would be no need "to re-plow the same ground."

[3] FSG did not present any loan documents regarding the terms of the Veritex loan.

it is unlikely that Southfield would declare a default on the loan for two reasons. First, FSG previously defaulted on the Southfield loan and Southfield agreed to amend the loan instead of declaring a default. Second, Southfield is a significant equity investor in FSG who would be at risk of losing a lot of money if FSG declared bankruptcy. FSG's own motion to review the bond supports FPH's assertions regarding Southfield's intention. In a footnote, FSG states: "Southfield has expressly reserved all of its rights, notwithstanding its involvement in this case, including rights to pursue default remedies if the receivership order is not overturned on appeal or if the receivership order is expanded."

As support for its contention that the trial court abused its discretion in permitting the counter-supersedeas bond, FSG relies on *WC 1st & Trinity, LP*, 2020 WL 544748, at *1. The receivership order in *WC* granted the receiver all powers to manage the receivership assets that were granted to the general partners under the partnership agreements. The trial court permitted the appellee to post a counter-supersedeas bond that would allow the receivership order to go into effect. The appellate court reversed, noting that a party's management rights are "unique, irreplaceable, and 'cannot be measured by any certain pecuniary standard.'" *See id.* at *2 (quoting *Cheniere Energy, Inc. v. Parallax Enterprises LLC*, 585 S.W.3d 70, 83 (Tex. App.—Houston [14th Dist.] 2019, pet. dism'd)). The appellants presented evidence of the risk of foreclosure on partnership assets created by the appointment of a receiver, which could put their loans in default. Because the receiver in *WC* was

given the authority to manage the assets, the appellants lacked the ability to negotiate with lenders. The court held that the appellants' interests in their partnership management rights could not be protected by a counter-supersedeas bond but appellee's interests as a limited partner in the partnership could be. *Id*. at *3. Therefore, the court reversed the counter-supersedeas bond and remanded to the trial court to set a supersedeas bond for the appellant. *Id*. at *4. Here, FSG continues to have full authority for its own management and is free to renegotiate the loans with its lenders if that becomes necessary. The fact that FSG continues to have sole control of its management renders the holding in *WC* inapplicable.

Additionally, FSG asserts the trial court abused its discretion in setting the counter-supersedeas bond because it effectively denies them their right to appeal the receivership order. As authority, FSG cites to *In re Dallas Area Rapid Transit*, 967 S.W.2d 358, 360 (Tex. 1998) (orig. proceeding) (per curiam). In *DART*, DART appealed an order requiring it to produce documents that it claimed were excused from production under the litigation exception. After the trial court and this Court denied DART's request to supersede the order requiring production of documents, it filed a petition for writ of mandamus in the supreme court. The supreme court held that DART was entitled to suspend the order requiring it to produce documents because once the requested information is produced, the appeal would be moot. *See id*. at 360.

The limited receivership order does not present the same concern as the order requiring production of documents that DART claimed were exempt. The trial court appointed a receiver with very limited powers to review FSG's financial situation and determine whether a full receivership should be imposed. If the receivership order is not superseded, this appeal will not immediately become moot. After the trial court receives the report from the receiver concerning FSG's financial condition, it may impose a full receivership. This Court would then review that order as well. *See* TEX. R. APP. P. 29.6(a)(1).

Alternatively, FSG asks that if the Court determines that a counter-supersedeas bond is appropriate, we remand the case to the trial court with instructions to set a bond that adequately protects FSG. In its supplemental response to FPH's motion to set a counter-supersedeas bond, FSG requested that the trial court set such bond at $1,138,108. This figure is based on a declaration of appellant Drew Bagot, a board member of FSG Holdings. Bagot stated that if FSG files for bankruptcy, it would cause it to "lose entirely its forecasted adjusted EBITDA [earnings before interest, taxes, depreciation, and amortization] of $1,138,108 for the year ending December 2021." It contends this amount is in jeopardy as a result of the receivership order.

At the November 30th hearing, the trial court inquired of FSG's counsel if they had any affidavits from the lenders saying that they will put the loans into default because of the appointment of a receiver. No such testimony was offered. Instead,

counsel asserted the lenders were going to "wait and see how the receivership affects the collateral of the loan before making a determination as to whether or not to place FSG in default." FSG did not offer any evidence that any of its lenders intended to declare a default and its counsel informed the trial court that the lenders were going to "wait and see." Under these circumstances, we conclude the trial court did not abuse its discretion in setting the amount of the counter-supersedeas bond.

## Conclusion

Rule 24.1(a)(3) authorized the trial court to permit FPH to file a counter-supersdeas bond to prohibit FSG from superseding the receivership order. We conclude the trial court did not abuse its discretion in doing so or in setting the amount of the bond. Accordingly, we affirm the trial court's November 30th order.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

200940F.P05