**TRANSAMERICAN NATURAL GAS CORPORATION and TransTexas Gas Corporation, Appellants,**

v.

**Hubert S. FINKELSTEIN, Appellee.**

No. 04–95–00365–CV.

Court of Appeals of Texas, San Antonio.

Aug. 16, 1995.

W. James Kronzer, David M. Gunn, Law Offices of W. James Kronzer, Houston, C.M. Zaffirini, Zaffirini, Castillo & Pellegrin, Lare-

do, Jeff Wentworth, San Antonio, Fred Wahrlich, TransTexas Gas Corporation, Houston, for appellant.

Elizabeth N. Miller, Steve Selby, Scott, Douglass, Luton & McConnico, L.L.P., Austin, Frank Douglass, Scott, Douglass, Luton & McConnico, L.L.P., Dallas, Morgan L. Copeland, Timothy E. Gehl, Scott, Douglass, Luton & McConnico, L.L.P., Houston, Arturo A. Figueroa, Jr., Law Offices of Arturo A. Figueroa, Zapata, Robert J. Hearon, Jr., Graves, Dougherty, Hearon & Moody, Austin, for appellee.

Before RICKHOFF, GREEN and DUNCAN, JJ.

## OPINION

DUNCAN, Justice.

Hubert S. Finkelstein, appellee, seeks review of the trial court's ruling that the sureties on the supersedeas bond filed by appellants, TransAmerican Natural Gas Corporation ("TransAmerican") and TransTexas Gas Corporation ("TransTexas"), are sufficient. Finkelstein contends that the sureties are insufficient because they do not provide adequate security in addition to the appellants' assets. We agree.

## FACTS

The material facts are undisputed. The trial court rendered judgment against TransAmerican and TransTexas for approximately $18 million. TransAmerican and TransTexas subsequently filed a single supersedeas bond for roughly the amount of the judgment, interest, and costs. The sureties on appellants' bond were John R. and Eileen Stanley and Southern States Exploration, Inc. ("Exploration").

John R. Stanley is the chairman and chief executive officer of TransAmerican and Exploration. Eileen Stanley is the wife of John R. Stanley and, as such, the owner of a one-half interest in the Stanleys' community property. Among the Stanleys' community property is 100% of the capital stock of TransAmerican. TransAmerican, in turn, owns 100% of the stock of TransAmerican Pipeline Corp., which owns 100% of the stock of Southern States, Inc., which owns 100% of the stock of Exploration. TransTexas is another of TransAmerican's subsidiaries. The Stanleys own, directly or indirectly, approximately 87% of TransTexas' stock. The sureties on appellants' supersedeas bond were, therefore, (1) the Stanleys, who directly or indirectly own all of the stock of TransAmerican; and (2) Exploration, which is TransAmerican's third-tier wholly-owned subsidiary.

In the trial court, Finkelstein objected to appellants' supersedeas bond in two respects. See TEX.R.APP.P. 47(k). First, Finkelstein argued that the sureties on appellants' bond were insufficient because they did not own assets other than TransAmerican stock or assets, directly or indirectly, sufficient to satisfy the judgment against TransAmerican and TransTexas. Second, Finkelstein argued that the amount of the bond was insufficient because it did not include all of the prejudgment interest and attorney's fees awarded in the judgment. In response, appellants filed an amended bond purporting to cure these omissions; however, the amended bond is backed by the same sureties as the original bond.

The trial court held an evidentiary hearing, and the parties presented evidence regarding the relationships between appellants and their sureties, as well as their net worth. While the net worth evidence was conflicting, the evidence regarding the relationships between appellants and their sureties was essentially uncontroverted. At the conclusion of the hearing, the trial judge overruled Finkelstein's objections, effectively ruling that the relationships between appellants and their sureties did not render the sureties insufficient.[1] In this court, Finkelstein seeks review of the trial court's order only with

---

1. "Give you guys six more months, they will have four or five more corporations. But the problem is, he is signed on to it personally, and you have him on a personal obligation; and his wife has signed on to it personally, and you have her on a personal obligation. And you have, whatever it is worth, ... you have the judgment debtors on there personally.... The gas is coming out of the ground. It doesn't matter what pie it is as long as the gas is coming out of the ground sooner or later. So your motion is overruled."

respect to the sufficiency of appellants' sureties. *See* Tex.R.App.P. 49.

## STANDARD OF REVIEW

■ We agree with the parties that the standard for reviewing a trial court's ruling on the sufficiency of a supersedeas bond is abuse of discretion. *See* Tex.R.App.P. 47(k); *cf. Universal Transport & Distributing Co. v. Cantu* 75 S.W.2d 697, 698 (Tex.Civ.App.— San Antonio 1934, orig. proceeding). An abuse of discretion is shown "[w]ith respect to resolution of factual issues or matters committed to the trial court's discretion" when the movant "establish[es] that the trial court could reasonably have reached only one decision." *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992). However, "a trial court has no 'discretion' in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion...." *Id.* at 840.

The trial judge's oral ruling in this case indicates that the basis for his ruling was that the relationships between the appellants and their sureties were irrelevant as a matter of law, because, although the evidence was conflicting, it appeared to him that the sureties were solvent and able to pay the judgment. *See supra* n. 1. Accordingly, we review the trial court's order only under the second prong of *Walker,* i.e., to determine whether the trial court correctly applied the law to the facts.

## DISCUSSION

A judgment debtor may suspend the execution of the judgment pending appeal by filing a "good and sufficient bond." Tex. R.App.P. 47(a). A "good and sufficient bond" properly identifies the judgment or order on appeal and properly conditions payment of the proper amount by the judgment debtor and one or more good and sufficient sureties to either the judgment creditor or the clerk. *See* Tex.R.App.P. 47(a). In this proceeding, Finkelstein challenges only the sufficiency of appellants' sureties.

### *Requirements for a Sufficient Surety*

■ "A surety is a party who promises to answer for the debt *of another.*" *Crimmins v. Lowry,* 691 S.W.2d 582, 585 (Tex. 1985) (emphasis added). Accordingly, a judgment debtor cannot be a surety for himself. *Universal Auto. Ins. Co. v. Culberson,* 51 S.W.2d 1071, 1073 (Tex.Civ.App.—Waco 1932, mot.) (per curiam). This is necessarily true because the surety must provide "security, *in addition to the personal liability of the appellant,* for the payment of the judgment." *Cooper v. Bowser,* 583 S.W.2d 805, 807 (Tex.Civ.App.—San Antonio 1979, mot.) (per curiam) (emphasis added); *see also Ruiz v. Watkins,* 701 S.W.2d 688, 691 (Tex.App.— Amarillo 1985, orig. proceeding); *Elliott v. Lester,* 126 S.W.2d 756, 758 (Tex.Civ.App.— Dallas 1939, no writ); *Culberson,* 51 S.W.2d at 1072. At the very least, therefore, a "sufficient surety" must be an entity or individual that is a legal entity, separate from the judgment debtor and not a party to the suit, whose solvency and ability to pay the judgment are established. *Brown & Root, Inc. v. DeSautell,* 554 S.W.2d 764, 771 (Tex.Civ. App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.). The party tendering the bond bears the burden of establishing that its surety, whether corporate or individual, is a "sufficient surety." *Cantu,* 75 S.W.2d at 698. *See generally* Elaine A. Carlson, *Stays and Enforcements of Civil Judgments in Texas, in* State Bar of Texas Prof. Dev. Program, Advanced Civil Appellate Practice Course W, W–10 (1994).

### *Sufficiency of the Stanleys as Sureties*

■ In this case, the uncontroverted evidence establishes that the Stanleys do not have assets other than their stock in Trans-American sufficient to satisfy the judgment. The pertinent inquiry, therefore, is whether the Stanleys' TransAmerican stock may be considered in determining their ability to pay the judgment. We hold that it cannot for the simple reason that the stock merely represents, ultimately, TransAmerican's assets. *Cf. Morrison v. St. Anthony Hotel,* 274 S.W.2d 556, 567 (Tex.Civ.App.—Austin 1955, writ ref'd n.r.e.) ("incidents of stock ownership in a corporation are the rights, pro

tanto, to share in its management, profits and upon dissolution, its assets"). Since TransAmerican's assets are already at risk to pay the judgment, TransAmerican's stock offers Finkelstein no security in addition to that which he already has by virtue of Trans-American's status as a judgment debtor. *See Cooper*, 583 S.W.2d at 807 (surety must provide "security, in addition to the personal liability of the appellant, for the payment of the judgment").

When the Stanleys' TransAmerican stock is excluded, the Stanleys indisputably do not own assets sufficient to satisfy the judgment. They are not, therefore, a "good and sufficient surety" under Texas law.

### Sufficiency of Exploration as a Surety

■ The reverse situation is presented with respect to TransAmerican's second surety, Exploration. TransAmerican owns 100% of Exploration's stock. This stock is representative of Exploration's assets and, ultimately, a portion of those of its 100% shareholder, TransAmerican. *Cf. Morrison*, 274 S.W.2d at 567. Accordingly, since Exploration's assets are already at risk by virtue of TransAmerican's status as a judgment debtor and its ownership of Exploration's stock, Exploration's assets do not constitute security in addition to that which Finkelstein already has. *See Cooper*, 583 S.W.2d at 807. Exploration is not therefore a "good and sufficient" surety under Texas law.

### Brown & Root, Inc. v. DeSautell

■ Appellants contend that, because their sureties satisfy the four *Brown & Root* criteria, their sureties are sufficient. *See Brown & Root, Inc. v. DeSautell*, 554 S.W.2d at 771. We agree that appellants' sureties meet the *Brown & Root* test, but we disagree that the *Brown & Root* test is the *sine qua non* of sufficiency on the facts before us. We believe the point is clearly demonstrated by comparing the differing factual contexts of *Brown & Root* and this case.

In *Brown & Root*, the judgment debtor, Brown & Root, and its surety and liability carrier, Highlands Insurance Company, were both wholly-owned subsidiaries of Halliburton, which was not a party to the lawsuit.

DeSautell challenged Highlands as a surety, arguing that "Highlands' position as surety [is] untenable because the bonds give him no additional security other than the solvency of the original obligors...." *Brown & Root*, 554 S.W.2d at 771. The court rejected De-Sautell's argument, holding that Highlands was a sufficient surety because it was not a party to the suit and its solvency and ability to pay the judgment were unquestioned. *Id.* In that case, however, the judgment debtor, Brown & Root, did not own its surety, Highlands; accordingly, but for its status as Brown & Root's surety and liability carrier, Highlands' assets were not at risk to satisfy the judgment. In short, the court refused to disqualify Highlands as a surety simply because it was also Brown & Root's liability carrier. In so doing, the court of appeals followed an earlier decision by this court. *Id.* (citing *Cantu*, 75 S.W.2d at 697); *but see Elliott*, 126 S.W.2d at 759 (refusing to follow *Cantu* because insurance company surety was primarily liable on judgment as judgment debtor's indemnitor).

In this case, on the other hand, all of TransAmerican's stock and the assets the stock represents—including Exploration's stock and the assets that stock represents—are already at risk to satisfy the judgment solely by virtue of TransAmerican's status as a judgment debtor. Accordingly, for the Stanleys and Exploration to attempt to secure the judgment with the TransAmerican stock and Exploration's assets adds nothing to the equation.

We emphasize that our holding is not in any respect based upon a consideration of whether the corporate veil could be pierced either as between the Stanleys and Trans-American or as between TransAmerican and Exploration. The issue before us is not whether the assets of the Stanleys and Exploration, as non-sureties, would be subject to execution under the judgment against TransAmerican; the issue is whether the Stanleys' TransAmerican stock and Exploration's stock—and the assets represented by the stock—already secure the judgment by virtue of TransAmerican's status as a judgment debtor.

A simple hypothetical involving a less complicated corporate structuring illustrates our point. Assume Mary owns 100% of the stock of Mary Corporation, which is valued at $100,000. Mary owns no other non-exempt assets. Tom takes a judgment against Mary for $100,000. Mary files a supersedeas bond in the amount of the judgment, interest, and costs. Mary Corporation is the sole surety on the bond. While it is true that Tom cannot execute on Mary Corporation's assets absent a finding that the corporate veil may be pierced, it is also true that Tom could, absent supersedeas, execute on Mary's stock in Mary Corporation. Were he to do so, he would acquire indirect ownership of 100% of the assets of Mary Corporation. Therefore, for Mary Corporation to pledge its assets to pay the judgment against Mary gives Tom no security he does not already have. For that reason, and that reason alone, the supersedeas bond is insufficient under Texas law.

### CONCLUSION

We agree with Finkelstein and hold that, on the undisputed facts and under applicable law, appellants' supersedeas bond is insufficient because John R. and Eileen Stanley and Southern States Exploration, Inc. are not sufficient sureties in this case. Accordingly, the trial court abused its discretion in overruling Finkelstein's objection to the supersedeas bond in this respect. The trial court's order is, therefore, to this extent reversed and set aside.

In accordance with Rule 49(c), execution on the judgment shall be suspended for twenty (20) days from the date this order is served on the parties. If appellants, Trans-American Natural Gas Corporation and TransTexas Gas Corporation, desire to supersede enforcement of the judgment, they may file an additional bond with sufficient sureties in accordance with this opinion with the district clerk. A certified copy of any such additional bond shall also be filed with this court. However, the liability of the Stanleys and Southern States Exploration, Inc. as sureties on the amended supersedeas bond previously filed shall not be released. If appellants fail to file a good and sufficient supersedeas bond or otherwise supersede en-

forcement of the judgment within this period, the clerk shall notify the trial court that execution may be issued on the judgment.