COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| FAULKNERUSA, LP, FAULKNERUSA GP, INC., AND SAFECO INSURANCE COMPANY OF AMERICA, | § § | No. 08-09-00119-CV |
| Appellants, | § | Appeal from the |
| v. | § | 166th District Court |
| ALARON SUPPLY COMPANY, INC., | § | of Bexar County, Texas |
| Appellee. | § | (TC#2008-CI-12096) |

## OPINION ON MOTION

FaulknerUSA, LP, FaulknerUSA GP, Inc. ("Faulkner"), and Safeco Insurance Company of America (Safeco Insurance), Appellants, seek review of the trial court's ruling that their surety on the supersedeas bond was insufficient. Because this case has been transferred to our Court, we apply the law of the transferring jurisdiction. *See* TEX. R. APP. P. 41.3. After reviewing the record and the parties' contentions, we reverse the trial court's ruling and hold the bond sufficient.

## BACKGROUND

In a contract dispute involving Alaron Supply Company ("Alaron"), Faulkner, and Safeco Insurance, the trial court rendered judgment against Faulkner and Safeco Insurance for $808,658.74, plus court costs.[1] Faulkner and Safeco Insurance subsequently filed a single supersedeas bond for $830,000 to cover the judgment, interest, and costs. The surety on Appellants' bond was American States. Alaron objected to the surety, claiming American States was a subsidiary of Safeco Insurance

---

[1] We note that Safeco Insurance and American States Insurance Company ("American States") were sureties on the project's original payment bond; however, Alaron did not name American States as a defendant in its suit and no judgment was rendered against American States.

and therefore did not qualify as a sufficient surety under state laws.

## STANDARD OF REVIEW

The Texas Rules of Appellate Procedure provide a method for appellants to suspend the execution of judgment by filing a "good and sufficient bond," by making a cash deposit, or by providing alternate security ordered by the court. TEX. R. APP. P. 24.1. The intent of the rule is to enable the appellee to collect the judgment against the appellant and his sureties if the judgment is affirmed. *Lovelace v. Sabine Consol., Inc.*, 733 S.W.2d 648, 657 (Tex. App.– Houston [14th Dist.] 1987, writ denied); *Mudd v. Mudd*, 665 S.W.2d 128, 130 (Tex. App.–San Antonio 1983, no writ). This Court may review the trial court's ruling in assessing the amount and type of security only upon a motion filed in this Court by one of the parties. TEX. R. APP. P. 24.4; *TransAmerican Nat. Gas Corp. v. Finkelstein*, 905 S.W.2d 412, 414 (Tex. App.–San Antonio 1995, pet. dism'd). We review the trial court's ruling on the sufficiency of a supersedeas bond under an abuse-of-discretion standard. *TransAmerican*, 905 S.W.2d at 414.

A judgment debtor cannot be his own surety as a surety must answer "for the debt of another." *Crimmins v. Lowry*, 691 S.W.2d 582, 585 (Tex. 1985); *TransAmerican*, 905 S.W.2d at 414. When a surety provides the losing party security for the payment of the judgment, the surety must be an entity or individual separate from the judgment debtor and not a party to the suit, whose solvency and ability to pay the judgment are established. *Brown & Root, Inc. v. DeSautell*, 554 S.W.2d 764, 771 (Tex. Civ. App.–Houston [1st Dist.] 1977, writ ref'd n.r.e.). The party tendering the bond bears the burden of establishing that its surety, whether corporate or individual, is a "sufficient surety." *TransAmerican*, 905 S.W.2d at 414.

## ANALYSIS

2

On appeal, the parties do not claim that American States is insolvent or lacks the ability to pay the judgment. Indeed, based on the evidence submitted to the trial court, American States has over $1 billion in assets. Rather, the sole issue presented is whether American States is a separate legal entity that may act as surety when its parent company, Safeco Corporation, also owns Safeco Insurance.

The parties focus much of their analysis on the San Antonio Court of Appeals' decision in *TransAmerican*. There, the trial court rendered judgment against TransAmerican for approximately $18 million, and pending appeal, TransAmerican filed a supersedeas bond. *TransAmerican*, 905 S.W.2d at 413. The sureties on the bond were John and Eileen Stanley and Southern States Exploration, Inc. *Id*. The Stanleys owned 100 percent of the capital stock in TransAmerican, and TransAmerican wholly owned Exploration, its third-tier subsidiary. *Id*. On appeal, the court found that the Stanleys were not sufficient sureties as they did not have any assets other than their stock in TransAmerican, and TransAmerican was already at risk to pay the judgment. *Id*. at 414-15. The court also found Exploration an insufficient surety as TransAmerican owned 100 percent of Exploration's stock, making Exploration at risk by virtue of TransAmerican's status as a judgment debtor. *Id*. at 415.

In determining that the Stanleys and Exploration were insufficient sureties, the court distinguished the First District's opinion in *Brown & Root*, which found a sibling company's status as a surety sufficient when it was not a party to the suit. *TransAmerican*, 905 S.W.2d at 415; *Brown & Root*, 554 S.W.2d at 771. In that case, the judgment debtor, Brown & Root, and its surety, Highlands Insurance Company, were both wholly-owned subsidiaries of Halliburton. *Brown & Root*, 554 S.W.2d at 771. Neither Halliburton nor Highlands were parties to the suit. *Id*. Brown & Root

3

owned none of Highlands' assets, nor did Highlands own any of Brown & Root's assets. *Id*.

In this case, we find the facts more similar to the situation found in *Brown & Root*. Safeco Insurance, a judgment debtor, is owned by Safeco Corporation. Safeco Corporation also owns American States. American States is not a subsidiary of Safeco Insurance. Safeco Insurance does not own any of American States' assets, nor does American States own any of Safeco Insurance's assets. Rather, the parent company, Safeco Corporation, owns American States and Safeco Insurance. Unlike the situation in *TransAmerican*, American States is the surety, not Safeco Corporation. Further, neither Safeco Corporation, Safeco Insurance, nor American States own any assets or stocks in Faulkner. Because American States is a separate legal entity, which is not owned by Safeco Insurance or Faulkner and whose assets are not at risk since it was not a party to the lawsuit, American States was a sufficient surety.[2] *See Brown & Root*, 554 S.W.2d at 771; *cf. TransAmerican*, 905 S.W.2d at 414-16.

## CONCLUSION

We find that the trial court abused its discretion in holding American States as an insufficient surety. Accordingly, the motion to approve the supersedeas bond surety filed by Faulkner and Safeco Insurance is granted. *See* TEX. R. APP. P. 24.4(d).

GUADALUPE RIVERA, Justice

October 21, 2009

Before Chew, C.J., McClure, and Rivera, JJ.

---

[2] Alaron asserts that since American States and Safeco Insurance agreed to participate in a pooling agreement, which provided that each company is liable for a certain percentage of the net premiums, losses, and associated assets and liabilities of the participating companies, American States is partly liable for the judgment rendered against Safeco Insurance. Alaron's argument, however, was not raised in the trial court, and therefore, is not preserved for our review. *See* TEX. R. APP. P. 33.1; *Khaledi v. H.K. Global Trading, Ltd.,* 126 S.W.3d 273, 286 (Tex. App.–San Antonio 2003, no pet.).