COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



FAULKNERUSA, LP, FAULKNERUSA
GP, INC., AND SAFECO INSURANCE
COMPANY OF AMERICA,


 Appellants,


v.


ALARON SUPPLY COMPANY, INC.,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-09-00119-CV



Appeal from the


166th District Court


of Bexar County, Texas


(TC#2008-CI-12096)



OPINION ON MOTION


 FaulknerUSA, LP, FaulknerUSA GP, Inc. ("Faulkner"), and Safeco Insurance Company of
America (Safeco Insurance), Appellants, seek review of the trial court's ruling that their surety on
the supersedeas bond was insufficient. Because this case has been transferred to our Court, we apply
the law of the transferring jurisdiction. See Tex. R. App. P. 41.3. After reviewing the record and the
parties' contentions, we reverse the trial court's ruling and hold the bond sufficient.

BACKGROUND In a contract dispute involving Alaron Supply Company ("Alaron"), Faulkner, and Safeco
Insurance, the trial court rendered judgment against Faulkner and Safeco Insurance for $808,658.74,
plus court costs. (1) Faulkner and Safeco Insurance subsequently filed a single supersedeas bond for
$830,000 to cover the judgment, interest, and costs. The surety on Appellants' bond was American
States. Alaron objected to the surety, claiming American States was a subsidiary of Safeco Insurance
and therefore did not qualify as a sufficient surety under state laws.

STANDARD OF REVIEW

 The Texas Rules of Appellate Procedure provide a method for appellants to suspend the
execution of judgment by filing a "good and sufficient bond," by making a cash deposit, or by
providing alternate security ordered by the court. Tex. R. App. P. 24.1. The intent of the rule is to
enable the appellee to collect the judgment against the appellant and his sureties if the judgment is
affirmed. Lovelace v. Sabine Consol., Inc., 733 S.W.2d 648, 657 (Tex. App.- Houston [14th Dist.]
1987, writ denied); Mudd v. Mudd, 665 S.W.2d 128, 130 (Tex. App.-San Antonio 1983, no writ). 
This Court may review the trial court's ruling in assessing the amount and type of security only upon
a motion filed in this Court by one of the parties. Tex. R. App. P. 24.4; TransAmerican Nat. Gas
Corp. v. Finkelstein, 905 S.W.2d 412, 414 (Tex. App.-San Antonio 1995, pet. dism'd). We review
the trial court's ruling on the sufficiency of a supersedeas bond under an abuse-of-discretion
standard. TransAmerican, 905 S.W.2d at 414.

 A judgment debtor cannot be his own surety as a surety must answer "for the debt of
another." Crimmins v. Lowry, 691 S.W.2d 582, 585 (Tex. 1985); TransAmerican, 905 S.W.2d at
414. When a surety provides the losing party security for the payment of the judgment, the surety
must be an entity or individual separate from the judgment debtor and not a party to the suit, whose
solvency and ability to pay the judgment are established. Brown & Root, Inc. v. DeSautell, 554
S.W.2d 764, 771 (Tex. Civ. App.-Houston [1st Dist.] 1977, writ ref'd n.r.e.). The party tendering
the bond bears the burden of establishing that its surety, whether corporate or individual, is a
"sufficient surety." TransAmerican, 905 S.W.2d at 414.

ANALYSIS

 On appeal, the parties do not claim that American States is insolvent or lacks the ability to
pay the judgment. Indeed, based on the evidence submitted to the trial court, American States has
over $1 billion in assets. Rather, the sole issue presented is whether American States is a separate
legal entity that may act as surety when its parent company, Safeco Corporation, also owns Safeco
Insurance.

 The parties focus much of their analysis on the San Antonio Court of Appeals' decision in
TransAmerican. There, the trial court rendered judgment against TransAmerican for approximately
$18 million, and pending appeal, TransAmerican filed a supersedeas bond. TransAmerican, 905
S.W.2d at 413. The sureties on the bond were John and Eileen Stanley and Southern States
Exploration, Inc. Id. The Stanleys owned 100 percent of the capital stock in TransAmerican, and
TransAmerican wholly owned Exploration, its third-tier subsidiary. Id. On appeal, the court found
that the Stanleys were not sufficient sureties as they did not have any assets other than their stock
in TransAmerican, and TransAmerican was already at risk to pay the judgment. Id. at 414-15. The
court also found Exploration an insufficient surety as TransAmerican owned 100 percent of
Exploration's stock, making Exploration at risk by virtue of TransAmerican's status as a judgment
debtor. Id. at 415.

 In determining that the Stanleys and Exploration were insufficient sureties, the court
distinguished the First District's opinion in Brown & Root, which found a sibling company's status
as a surety sufficient when it was not a party to the suit. TransAmerican, 905 S.W.2d at 415; Brown
& Root, 554 S.W.2d at 771. In that case, the judgment debtor, Brown & Root, and its surety,
Highlands Insurance Company, were both wholly-owned subsidiaries of Halliburton. Brown & Root,
554 S.W.2d at 771. Neither Halliburton nor Highlands were parties to the suit. Id. Brown & Root
owned none of Highlands' assets, nor did Highlands own any of Brown & Root's assets. Id.

 In this case, we find the facts more similar to the situation found in Brown & Root. Safeco
Insurance, a judgment debtor, is owned by Safeco Corporation. Safeco Corporation also owns
American States. American States is not a subsidiary of Safeco Insurance. Safeco Insurance does
not own any of American States' assets, nor does American States own any of Safeco Insurance's
assets. Rather, the parent company, Safeco Corporation, owns American States and Safeco
Insurance. Unlike the situation in TransAmerican, American States is the surety, not Safeco
Corporation. Further, neither Safeco Corporation, Safeco Insurance, nor American States own any
assets or stocks in Faulkner. Because American States is a separate legal entity, which is not owned
by Safeco Insurance or Faulkner and whose assets are not at risk since it was not a party to the
lawsuit, American States was a sufficient surety. (2) See Brown & Root, 554 S.W.2d at 771; cf.
TransAmerican, 905 S.W.2d at 414-16.

CONCLUSION

 We find that the trial court abused its discretion in holding American States as an insufficient
surety. Accordingly, the motion to approve the supersedeas bond surety filed by Faulkner and
Safeco Insurance is granted. See Tex. R. App. P. 24.4(d).

 GUADALUPE RIVERA, Justice


October 21, 2009


Before Chew, C.J., McClure, and Rivera, JJ.

1. We note that Safeco Insurance and American States Insurance Company ("American States") were
sureties on the project's original payment bond; however, Alaron did not name American States as a defendant in its
suit and no judgment was rendered against American States.
2. Alaron asserts that since American States and Safeco Insurance agreed to participate in a pooling
agreement, which provided that each company is liable for a certain percentage of the net premiums, losses, and
associated assets and liabilities of the participating companies, American States is partly liable for the judgment
rendered against Safeco Insurance. Alaron's argument, however, was not raised in the trial court, and therefore, is
not preserved for our review. See Tex. R. App. P. 33.1; Khaledi v. H.K. Global Trading, Ltd., 126 S.W.3d 273, 286
(Tex. App.-San Antonio 2003, no pet.).