COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| YAGHOUB "JACOB" KOHANNIM, | § | No. 08-11-00155-CV |
|  | § |  |
| Appellant, | § | Appeal from the |
|  | § |  |
| v. | § | 236th Judicial District Court |
|  | § |  |
|  | § | of Tarrant County, Texas |
| PARVANEH KATOLI, | § |  |
|  |  | (TC# 236-217944-06) |
| Appellee. | § |  |

## MEMORANDUM OPINION ON MOTION

Pending before the Court is Appellant's motion to review a trial court's ruling regarding suspension of a judgment pending appeal.

Appellee sued Appellant and 360 Center, L.L.C. (the company). On February 16, 2011, the court signed the final judgment in the suit. The judgment states that Appellant defrauded Appellee and that but for Appellant's wrongful acts and omissions, the value of Appellee's portion of the company's assets would have been $418,761.06 more. The court therefore awarded Appellee $418,761.06 in compensatory damages from Appellant. The court also ordered Appellant to pay Appellee $150,000 in punitive damages and $165,533.93 in attorney's fees for services rendered through the end of trial. The court gave Appellant a credit regarding the damage awards for $2,400, a sum which he had previously deposited into the trust account of Appellee's attorneys. The judgment bears interest at the rate of 5% per year.

The court determined that the company had $1,445,969.26 in assets, consisting of $1,393,469.26 in cash held by a receiver and a "rent judgment" in the amount of $52,500.

Appellant and Appellee each have a 50% beneficial interest in the company's assets, amounting to $722,984.63 each. In accordance with their beneficial interests, the court "allocated and partitioned" the assets equally, giving each party $722,984.63. Appellant is to receive his entire interest in cash, whereas Appellee is to receive $670,484.63 in cash and the $52,500 rent judgment. The court ordered the receiver to transfer the rent judgment to Appellee "immediately" and to deposit $670,484.63 into the registry of the court "to the benefit of [Appellee] referencing this Final Judgment. . . ." The court further ordered the receiver to deposit the receivership's remaining funds into the registry "to the benefit of [Appellant] referencing this Final Judgment." Immediately following these provisions, the judgment states that the funds in the court registry "shall be held in the Court Registry pending subsequent distribution as contemplated herein." In accordance with these provisions, the receiver deposited a total of $1,390,544.51 into the court registry—$670,484.63 for Appellee's benefit and $720,059.88 for Appellant's benefit.[1]

Appellant appealed and, on March 15, 2011, filed a notice of deposit in lieu of supersedeas bond, stating his intent to supersede the judgment with the $720,059.88 that the receiver had deposited for his benefit into the court registry. On April 19, 2011, Appellee filed a motion for release of funds, seeking to obtain the entire $1,390,544.51 that the receiver had deposited into the court's registry. She asserted that the final judgment effectively awarded the entire sum to her. In response, Appellant argued that the judgment had been superseded by his notice of deposit in lieu of supersedeas bond. However, Appellant stated that he would have no

---

[1] The parties agree that the receiver was authorized to deduct a portion of his fee from Appellant's allocation. As a result, less than $722,984.63 was deposited for Appellant's benefit.

objection to the release of the $670,484.63 deposited for Appellee's benefit.

The court held two hearings on Appellee's motion, but took no evidence. At the second hearing, the court made an oral ruling that the entire $1,390,544.51 would be immediately released to Appellee, but the court delayed signing an order to that effect so that Appellant could seek relief from this Court. Appellant then filed a motion for an emergency stay of the trial court's ruling and a motion to review the ruling. We granted the stay, allowing the trial court to sign a written order reflecting its oral ruling, but providing that the order would be stayed immediately upon signing. The trial court subsequently signed an order for release of funds, directing the district clerk to convey all of the funds to Appellee. The motion to review the ruling is now ripe for consideration.[2]

A judgment debtor is generally entitled to supersede the judgment pending appeal, thereby deferring payment until the appeal is decided. *See Miga v. Jensen*, 299 S.W.3d 98, 100 (Tex. 2009); *see also* TEX.R.APP.P. 24.1(a). To supersede the judgment, the judgment debtor may file a bond or, in lieu of bond, may deposit money with the trial court clerk. *See* TEX.R.APP.P. 24.1(a)(2), (3). The amount of the bond or deposit depends on the type of judgment. For a money judgment, the bond or deposit "must equal the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment." TEX.R.APP.P. 24.2(a)(1). When the judgment is for the recovery of

---

[2] The trial court made its oral ruling on a Friday afternoon and stated that a written order would be signed by the end of the day on the following Monday. Appellant filed his motions in this Court that Monday. Although we granted the stay that day without first obtaining a response from Appellee, our order allowed Appellee to file a subsequent response showing grounds to dissolve the stay. Although Appellee filed a combined response to both motions, the response did not show grounds for dissolving the stay. We have considered all of the briefing submitted by the parties regarding both motions.

an interest in personal property, the trial court will determine the amount of the bond or deposit, but at a minimum the amount must equal the value of the property interest as of the date of the judgment. TEX.R.APP.P. 24.2(a)(2)(B). We review a trial court's ruling regarding the sufficiency of supersedeas for abuse of discretion. *FaulknerUSA, LP v. Alaron Supply Co., Inc.*, 301 S.W.3d 345, 347 (Tex.App.--El Paso 2009, no pet.).

Appellant argues that his notice of deposit in lieu of supersedeas bond effectively adopted, as a cash deposit, the $720,059.88 that the receiver deposited into the court registry for his benefit. Appellee does not dispute that it is possible for a judgment debtor to supersede a judgment by adopting funds already held in the court registry for the debtor's benefit. *See In re Levitas*, No. 13-10-00345-CV, 2010 WL 2968189, at \*3 (Tex.App.--Corpus Christi July 27, 2010, orig. proceeding)(mem. op.). She argues, however, that Appellant could not supersede the judgment in this fashion because the $720,059.88 has never belonged to him. *See In re Romero, Gonzalez & Benavides, L.L.P.*, 293 S.W.3d 662, 663-64 (Tex.App.--San Antonio 2009, orig. proceeding)(indicating that an appellant could not supersede the judgment with funds in the court registry that had not been awarded to him).

In Appellee's view, the final judgment, when read in its entirety, effectively awarded nothing to Appellant. Although Appellee acknowledges that the final judgment allocated $722,984.63 to Appellant when it partitioned the company's assets, she contends that the judgment "effectively eliminated the funds previously allocated to" Appellant when it awarded her damages (both compensatory and punitive) and attorney's fees against Appellant. Appellee emphasizes that the final judgment states that the funds were to be deposited into the court registry, "pending subsequent distribution as contemplated herein." She seems to interpret this

-4-

language as meaning that the funds allocated to Appellant were to be used to pay the damages and attorney's fees.

Whether a judgment is ambiguous is a question of law. *Shanks v. Treadway*, 110 S.W.3d 444, 447 (Tex. 2003). A judgment should be construed as a whole to harmonize and give effect to the entire instrument. *Id*. If the judgment is unambiguous, the court must give effect to the literal language used. *Id*. If the judgment is ambiguous, the court should review the record along with the judgment to determine its meaning. *Id*.

Nothing in the final judgment supports Appellee's interpretation. The judgment "allocated and partitioned" the company's assets between Appellant and Appellee and expressly orders that certain receivership funds be deposited into the court registry "to Appellant's benefit." The judgment does not state that this sum is to be used to offset Appellant's liability for damages and attorney's fees. At no point does the judgment even require Appellant to pay Appellee for her share of the assets. Instead, the judgment expressly orders *the receiver* to transfer the rent judgment to Appellee and to deposit the cash into the court registry for the benefit of each party.

We conclude that Appellant could designate the funds representing his share of the company's assets as a deposit in lieu of supersedeas bond. Appellee suggests that even if the Appellant could adopt his share of the company's asset as a cash deposit, enforcement of the judgment still was not suspended because $720,059.88 is insufficient to supersede the judgment. We disagree with this suggestion.

First, a bond or deposit is not rendered invalid because it is too small. *See Delhi Gas Pipeline Corp. v. Hassell*, 730 S.W.2d 159, 161 (Tex.App.--Tyler 1987, no writ). If Appellee believed the amount was insufficient, she could have asked the trial court to increase the amount

of security. *See* TEX.R.APP.P. 24.3(a). Enforcement of the judgment should have been suspended upon the filing of the notice of deposit in lieu of supersedeas. *See* TEX.R.APP.P. 24.1(f).

Second, under the unique facts of this case, we conclude that the amount of the deposit is sufficient. It is undisputed that the court's award of $418,761.06 in damages is a money judgment within the meaning of Rule 24.2(a)(1). Appellant does not dispute that the $165,533.93 attorney's fee award should be included within the amount that must be superseded. *See Clearview Props., L.P. v. Prop. Tex. SC One Corp.*, 228 S.W.3d 262, 264 (Tex.App.--Houston [14th Dist.] 2007, no pet.)(per curiam order)(upholding order requiring attorney's fee award to be superseded partly because the parties' contract provided that attorney's fees would constitute compensation). *But see PopCap Games, Inc. v. MumboJumbo, LLC*, 317 S.W.3d 913, 914 (Tex.App.--Dallas 2010, no pet.)(holding, in a contract action, that attorney's fees need not be superseded because the parties' contract did not specify that such fees would be an element of compensation for a breach); *Shook v. Walden*, 304 S.W.3d 910, 913 (Tex.App.--Austin 2010, no pet.)(same). Although the parties also agree that interest should be calculated at 5% per year for one year, they disagree as to whether interest should be calculated on the attorney's fee award. For purposes of argument, we will adopt Appellee's calculations and include interest on the attorney's fee award. Thus, the amount required to supersede the money judgment is $610,989.74, which is less than the $720,059.88 that Appellant effectively deposited into the court registry.

However, Appellee asserts that Appellant was also required to supersede the portion of the judgment that allocated half of the company's assets to her. She characterizes this portion of

-6-

the judgment as a judgment for personal property. Since its value was $722,984.63, Appellant's deposit would be insufficient if he were required to supersede this portion of the judgment. But Appellant has disclaimed any intent to appeal this portion of the judgment and he has agreed to let Appellee recover this portion of the judgment immediately. We therefore conclude that Appellant is not required to post security regarding this portion of the judgment. *See Mudd v. Mudd*, 665 S.W.2d 128, 129-30 (Tex.App.--San Antonio 1983, no writ)(allowing judgment debtor to supersede two distinct portions of a judgment). *But see Haney Elec. Co. v. Hurst*, 608 S.W.2d 355, 356 (Tex.Civ.App.--Dallas 1980, no writ)(holding that a money judgment cannot be partially superseded).

Although this method of superseding the judgment may be unusual, it is important to note that Appellee is not being deprived of any security to which she is entitled. From the judgment creditor's perspective, the purpose of supersedeas is to ensure that the judgment can be collected if it is affirmed on appeal. *FaulknerUSA, LP*, 301 S.W.3d at 347. Here, Appellee will immediately receive what she characterizes as the personal property judgment, consisting of the $52,500 rent judgment and $670,484.63 from the court registry. As for the money judgment, construing the facts and law most favorably to Appellee, Appellant was required to deposit funds equaling the compensatory damages plus attorney's fees through the end of trial and 5% interest on both the compensatory damages and attorney's fees for one year. Under Appellee's own calculations, this totals only $610,989.74. Thus, the money judgment is more than fully secured by the $720,059.88, which is safely ensconced in the court registry.

Appellant's motion for review of the trial court's ruling regarding supersedeas is granted. The trial court's order for release of funds is reformed to allow the release of only the funds held

in the court registry for Appellee's benefit.  Enforcement of the monetary portion of the judgment is suspended pending appeal.


June 29, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.