# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REVIEW OF SURETY ON BOND

### NO. 03-12-00661-CV

**Noel D. Ischy, Appellant**

**v.**

**M. P. McCammon, McCammon Oil & Gas, Inc., Nosivad Oil, Inc.,Van Davison, Dawn Davison, Tejon Exploration, Doralex Energy, Inc., Mansefeldt Investment Corp., Fred Harendt, Debbie Harendt, Leffel's, Inc., William R. Guffey, Jimmy Davison, Annette Davison, Topaz Exploration Company, Philip W. Davison, Becky Davison, Tonopah Energy, L.C., O.H.B., Inc., Eileen Pratt, Dustin Pratt, J.W. King and George Alexander, Appellees**

### FROM THE DISTRICT COURT OF CONCHO COUNTY, 119TH JUDICIAL DISTRICT NO. 3750, HONORABLE BEN WOODWARD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Noel D. Ischy has filed a motion seeking review of the trial court's ruling that the surety on his supersedeas bond is insufficient. *See* Tex. R. App. P. 24.4. In response, the appellees (collectively, "the McCammons") contend that the trial court did not abuse its discretion in refusing to order the district clerk to approve Ischy's bond because the undisputed evidence demonstrates that the surety on the bond fails to provide adequate security. We agree and will deny Ischy's motion.

## BACKGROUND

This appeal arises from a dispute between the parties concerning title to an oil and gas lease and a judgment previously rendered by this Court. In October 2006, the dispute was tried before a jury, and in accordance with the verdict, the trial court signed a judgment awarding title to the lease to Ischy. The McCammons appealed, and this Court subsequently reversed the trial court's judgment and rendered judgment that Ischy take nothing. *See McCammon v. Ischy*, No. 03-06-00707-CV, 2010 WL 1930149, at *7 (Tex. App.—Austin May 12, 2010, pet. denied) (mem. op.). Based on our decision, the McCammons filed a motion for restitution, asking that the trial court order Ischy to repay them for all of the lease proceeds that Ischy had obtained while the case was pending on appeal.

In June 2012, following an evidentiary hearing on the McCammons' motion, the trial court rendered judgment awarding the McCammons approximately $1.4 million in restitution damages. Following post-judgment motions, Ischy subsequently filed a notice of appeal in this Court. Seeking to suspend execution of the judgment pending his appeal, Ischy also filed a supersedeas bond in the amount of $1,514,629.50, to cover the judgment, interest, and costs. The surety on the bond was Cherokee Trace, LP, a Texas limited partnership. After the district clerk declined to approve his bond, Ischy filed a motion to approve supersedeas bond with the trial court, requesting that the court direct that the district clerk approve the bond.

The trial court held a hearing on Ischy's motion, at which time the sole issue before the court was whether Cherokee Trace is a sufficient surety for purposes of the supersedeas bond. At the hearing, Ischy presented evidence concerning his legal relationship to Cherokee Trace. Specifically, Ischy testified that he is the president and sole shareholder in NOW Development

2

Company, Inc. ("NOW"), a Texas Corporation. Ischy also testified that NOW is the sole general partner of Cherokee Trace, owning a 1% partnership interest, and that he and his son are Cherokee Trace's sole limited partners. According to Ischy, he has a 74% partnership interest in Cherokee Trace, and his son has a 25% partnership interest. Ischy also presented evidence concerning the assets held by Cherokee Trace, namely an unencumbered ranch property located in Cherokee County, Texas. Ischy testified that the 300-acre ranch is worth $1,980,000 and that he, on behalf of NOW as general partner of Cherokee Trace, would be willing to allow the McCammons to place a judgment lien on the ranch property.

After cross-examining Ischy, the McCammons argued that Cherokee Trace is insufficient as a bond surety because it does not provide adequate security in addition to the assets of Ischy himself. The McCammons also argued that Ischy had failed to present sufficient evidence that Cherokee Trace has the ability to pay the judgment, if necessary. At the conclusion of the hearing, the trial court orally denied Ischy's motion to approve the bond.

## STANDARD OF REVIEW

A judgment debtor is generally entitled to supersede the judgment and thus suspend enforcement of the judgment while pursuing an appeal. *See Miga v. Jensen*, 299 S.W.3d 98, 100 (Tex. 2009). Rule 24 of the Texas Rules of Appellate Procedure sets out the requirements and procedures for superseding a judgment. *See* Tex. R. App. P. 24. One of the ways a judgment debtor may supersede the judgment is by filing with the trial court clerk a "good and sufficient bond." *Id*. 24.1(a)(1)-(4). A "good and sufficient bond" is a bond of the proper amount, made payable to the judgment creditor, and signed by the judgment debtor and one or more sufficient sureties as

3

obligors. *Id*. 24.1(b). To be effective, the supersedeas bond must be approved by the trial court clerk, and on the motion of any party, the trial court will review the bond. *Id*. When requested, the trial court must hold an evidentiary hearing to determine the sufficiency of the amount and type of security and the sufficiency of the sureties. *Miller v. Kennedy & Minshew, P.C.*, 80 S.W.3d 161, 164-65 (Tex. App.—Fort Worth 2002, no pet.). Rule 24 also authorizes this Court, on either party's motion, to conduct a limited review of that ruling. *See* Tex. R. App. P. 24.4(a).

We review a trial court's ruling on the sufficiency of a supersedeas bond under an abuse-of-discretion standard. *FaulknerUSA, LP v. Alaron Supply Co., Inc.*, 301 S.W.3d 345, 347 (Tex. App.—El Paso 2009, no pet.); *TransAmerican Natural Gas Corp. v. Finkelstein*, 905 S.W.2d 412, 414 (Tex. App.—San Antonio 1995, writ dism'd). A trial court abuses its discretion when it rules arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). With regard to factual matters, we may not substitute our judgment for that of the trial court unless it is clear from the record that the trial court could reach only one decision. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). However, a trial court has no discretion in determining what the law is or applying the law to the facts. *Id*. at 840. Thus, a clear failure by the trial court to analyze or apply the law correctly will also constitute an abuse of discretion. *Id*.

**ANALYSIS**

At the hearing to determine the sufficiency of his bond, Ischy had the burden of establishing that Cherokee Trace is a sufficient surety. *TransAmerican Natural Gas*, 905 S.W.2d at 414 ("The party tendering the bond bears the burden of establishing that its surety, whether

4

corporate or individual, is a 'sufficient surety.'"). "A surety is a party who promises to answer for the debt of another." *Id.* (citing *Crimmins v. Lowry*, 691 S.W.2d 582, 585 (Tex. 1985)). Thus, a surety under rule 24 serves to provide "security, in addition to the personal liability of the appellant, for the payment of the judgment." *Id.* (citing *Cooper v. Bowser*, 583 S.W.2d 805, 807 (Tex. Civ. App.—San Antonio 1970, no writ)); *see FaulknerUSA*, 301 S.W.3d at 347 ("The intent of the rule is to enable the appellee to collect the judgment against the appellant and his sureties if the judgment is affirmed."). It necessarily follows that a judgment debtor cannot serve as his own surety. *Id.* Instead, a surety on a supersedeas bond must be an entity or individual that is legally separate from the judgment debtor and not a party to the suit, whose solvency and ability to pay the judgment are established. *Id.*; *Brown & Root, Inc. v. De Sautell*, 554 S.W.2d 764, 771 (Tex. Civ. App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.).

Here, Ischy argues that the trial court abused its discretion in ruling that his bond is insufficient because the evidence establishes that Cherokee Trace "is an existing legal entity organized under the laws of the State of Texas, that is not the judgment debtor, and that it has more than sufficient unencumbered assets to the cover the amount of the bond." Conversely, the McCammons contend that Cherokee Trace is an insufficient surety because, as a result of Ischy's legal relationship to Cherokee Trace, the entity necessarily fails to provide security in addition to the personal liability of Ischy himself. The McCammons also argue that the evidence is insufficient to establish that Cherokee Trace has assets sufficient to satisfy the judgment.

In determining whether the trial court abused its discretion in ruling that Ischy's bond is insufficient, we first consider whether Ischy established that Cherokee Trace is sufficiently separate from Ischy. That is, we consider whether the assets of Cherokee Trace provide security for

5

the McCammons' judgment, or whether Ischy is, in essence, simply attempting to serve as a surety for himself.

The case before us is similar to *TransAmerican Natural Gas Corporation v. Finkelstein*, in which a judgment debtor's wholly owned subsidiary signed as a surety on a supersedeas bond. *See* 905 S.W.2d at 413-14. In that case, the trial court rendered judgment against TransAmerican Natural Gas Corporation ("TransAmerican"), which then filed a supersedeas bond. *Id*. at 413. One of the sureties on the bond was Southern States Exploration, Inc., a corporation wholly owned by TransAmerican. *Id*. On appeal, one of the issues presented was whether Southern States Exploration was a sufficient surety for purposes of TransAmerican's bond. *Id*. at 415. The San Antonio court held that it was not, explaining that TransAmerican's assets, including its stock in Southern States Exploration and the assets that the stock represented, were already at risk to satisfy the judgment. *Id*. Accordingly, the court concluded that TransAmerican's attempt to secure the judgment with Southern States Exploration's assets "add[ed] nothing to the [security] equation." *Id*.

Likewise, here, Cherokee Trace's assets add little to the security equation. *See id*. It is undisputed that Ischy owns a 74% limited partnership interest in Cherokee Trace and that Ischy is the president and sole shareholder of NOW, Cherokee Trace's general partner. Absent supersedeas, the McCammons would be free to enforce their judgment against Ischy and execute on Ischy's assets. In that situation, the McCammons could acquire Ischy's partnership interest in Cherokee Trace as well as his stock in NOW, effectively acquiring control of Cherokee Trace and the disposition of its assets. Thus, regardless of whether Cherokee Trace serves as a surety, Cherokee Trace's assets are already significantly at risk to satisfy the McCammons' judgment. When Ischy,

as president of NOW, pledged Cherokee Trace's assets as security to pay the judgment against him, the McCammons acquired little security on their $1.4 million-dollar judgment that they did not already have.[1] *See id.* at 416 (explaining that when corporation owned by judgment debtor pledges its assets to pay judgment against judgment debtor, the judgment creditor obtains "no security he does not already have"). Under these facts, we cannot conclude that the trial court abused its discretion in ruling that the surety on Ischy's bond is insufficient.

Accordingly, we affirm the trial court's denial of Ischy's motion to approve bond, and the motion to review supersedeas bond filed by Ischy is denied. *See* Tex. R. App. P. 24.4(d). Enforcement of the judgment is suspended for twenty days after the date of this order. *See id*. 24.4(e). During this time, Ischy may correct his bond by filing with the district clerk a good and sufficient bond, in accordance with this opinion and rule 24, or otherwise supersede the judgment pursuant to rule 24. *See id*. 24.1(a) (1)-(4). If Ischy fails to take such action, the district clerk shall notify the trial court that execution may be issued on the judgment.

It is ordered February 28, 2013.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Goodwin and Field

---

[1] At most, Cherokee Trace would only be able to provide the equivalent of the remaining limited partner's 25% partnership interest as security on the McCammons' judgment. Assuming that Cherokee Trace has assets fully available to satisfy the judgment and that those assets are valued at $1.98 million, as Ischy contends, the limited partnership is unable to secure the full amount of the judgment.

7