

# Fourth Court of Appeals
## San Antonio, Texas

June 1, 2015

No. 04-15-00267-CV

Dolores **REYNOSO** and Juan Reynoso,
Appellants

v.

**LOFT CONCEPTS, INC.,**
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2015CV00936
Honorable David J. Rodriguez, Judge Presiding

# O R D E R

The trial court rendered a judgment in favor of Loft Concepts, Inc. and against Dolores Reynoso and Juan Reynoso in a forcible entry and detainer action. The Reynosos timely appealed. Dolores Reynoso filed an "appeal bond" in the amount of $15,000, the amount set by the trial court to supersede the judgment. Dolores Reynoso subsequently filed an amended bond. The trial court has signed an order staying execution on a writ of possession. Loft Concepts challenges the sufficiency of the bond and of the sureties on several grounds.

Loft Concepts initially complains that the bond is not signed by judgment debtor Juan Reynoso. As Loft Concepts recognizes, Juan Reynoso is not in possession of the property and does not maintain he has a right of possession or to occupy the property. Juan Reynoso has not attempted to supersede the judgment against him. However, this fact does not affect the validity or sufficiency of the supersedeas posted by appellant Dolores Reynoso.

Loft Concepts next complains the bond is not payable to the judgment creditor. Dolores Reynoso's amended bond is expressly made payable to Loft Concepts, Inc., the judgment creditor, rendering this complaint moot.

Loft Concepts asserts that the sureties' oaths are insufficient because they do not state the sureties' net worth or otherwise comply with the requirements of Rule 24.2(c)(1) of the Texas Rules of Appellate Procedure. However, Rule 24.2(c) does not apply in this case, and Reynoso was not required to file a net worth affidavit with the bond, either for herself or for her sureties.

Finally, Loft Concepts asserts that Dolores Reynoso's bond was not approved by the clerk and that her sureties are insufficient. Rule 24.1(b)(2) provides that "[t]o be effective a bond must be approved by the trial court clerk." To be sufficient, a surety "[a] the very least, . . . , must be an entity or individual that is a legal entity, separate from the judgment debtor and not a party to the suit, whose solvency and ability to pay the judgment are established." *TransAmerican Natural Gas Corp. v. Finkelstein*, 905 S.W.2d 412, 414 (Tex. App.—San Antonio 1995, writ dism'd). The party tendering the bond has the burden to establish the surety is sufficient. *Id.*

We are unable to determine from the record before us whether the trial court clerk approved the bond or whether Reynoso's sureties are sufficient. We therefore **abate** this appeal and **order** the trial court to conduct an evidentiary hearing and make findings on the following questions: (1) whether the trial court clerk has approved Dolores Reynoso's bond and (2) whether Reynoso's sureties are sufficient. We **order** the trial court to forward its findings to this court in a supplemental clerk's record by **July 1, 2015.**

Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 1st day of June, 2015.

Keith E. Hottle
Clerk of Court