

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| GEORGE A. MOLINAR, | § | No. 08-14-00299-CV |
| Appellant, | § | Appeal from |
| v. | § | County Court at Law No. 3 |
| MOHD RAFAEI, | § | of El Paso County, Texas |
| Appellee. | § | (TC # 2013-CCV02705) |
|  | § |  |

## MEMORANDUM OPINION ON MOTION

George A. Molinar, *pro se*, has filed a motion pursuant to TEX.R.APP.P. 24.4 seeking review of the trial court's order setting the supersedeas bond at $1,000. Additionally, Molinar filed a separate emergency motion seeking temporary relief in the event his Rule 24.4. motion is granted. *See* TEX.R.APP.P. 24.4(c). We deny both motions.

## FACTUAL SUMMARY

On May 26, 2011, the City of El Paso was awarded judgment in the amount of $31,165.06 for delinquent taxes on real property located in El Paso County, and the County Court at Law No. 5 entered an order of sale.[1] Mohd Refaei purchased the property for $65,000, and on February 20, 2013, Richard Wiles executed a sheriff's tax deed to Refaei. When Molinar failed to vacate the premises after Refaei made demand on him to do so, Refaei filed a forcible

---

[1] The suit was styled *City of El Paso v. George Molinar* (cause number 2008TX354).

entry and detain suit in the Justice of the Peace court. On June 4, 2013, the Justice of the Peace entered judgment granting Refaei possession of the premises and ordered Molinar to vacate no later than June 10, 2013. Molinar did not vacate and a writ of possession issued. Molinar appealed to the county court at law. On July 30, 2014, the trial court entered judgment in Refaei's favor finding that he had not received any income from Molinar for the premises and Refaei has the right of possession to the premises. The judgment also granted a writ of possession. Molinar filed notice of appeal and the trial court set the supersedeas bond at $1,000. Molinar deposited $1,000 cash in lieu of a supersedeas bond.

**SUPERSEDEAS BOND**

In his Rule 24.4 motion, Molinar asks the Court to review the supersedeas bond and find that it is excessive.

*Standard of Review and Applicable Law*

As a general rule, a judgment debtor is entitled to supersede the judgment while pursuing an appeal. *Miga v. Jensen*, 299 S.W.3d 98, 100 (Tex. 2009). When the judgment is for the recovery of an interest in real property, the trial court determines the type of security that the judgment debtor must post. TEX.R.APP.P. 24.2(a)(2). In the case of an interest in real property, the amount of security must be at least the value of the property interest's rent or revenue. TEX.R.APP.P. 24.2(a)(2)(A). An appellate court is authorized to review the sufficiency or excessiveness of the amount of security. TEX.R.APP.P. 24.4(a)(1). We may require that the amount of a bond be increased or decreased and that another bond be provided and approved by the trial court clerk. TEX.R.APP.P. 24.4(d).

A trial judge is given broad discretion in determining the amount and type of security required. *Miller v. Kennedy & Minshew, P.C.*, 80 S.W.3d 161, 164 (Tex.App.--Fort Worth 2002,

- 2 -

no pet.). Consequently, our review of the trial court's ruling is under the abuse of discretion standard. *EnviroPower, L.L.C. v. Bear, Stearns & Co.*, 265 S.W.3d 1, 2 (Tex.App.--Houston [1st Dist.] 2008, pet. denied); *TransAmerican Natural Gas Corporation v. Finkelstein*, 905 S.W.2d 412, 414 (Tex.App.--San Antonio 1995, pet. dismissed). A trial court abuses its discretion when it renders an arbitrary and unreasonable decision lacking support in the facts or circumstances of the case, or when it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011)

*No Abuse of Discretion*

At a hearing on the supersedeas issue, Refaei's counsel stated that a realtor had given him an estimated rental value of $900 per month ($10,800 annually) for the property. Counsel added that the property is not rentable in its present condition and Refaei would have to make repairs to the property before it could be rented. The record also reflects that Molinar is currently living on the property. The trial court did not set the supersedeas amount at the conclusion of that hearing. At the next hearing, the court set the supersedeas bond in the amount of $1,000. The court explained:

> We've got probably about ten months to a year before this thing is resolved by the Court of Appeals. And I've used a *de minimus* number of $100 a month to come up with that amount of a thousand, which I consider to be *de minimus* for a place to live.

Molinar argues that the trial court should have set the supersedeas bond at no more than $100 total because the property is not rentable in its current condition. The trial court apparently found, however, that the property has a minimal rental value of $100 per month because Molinar is living on the premises. We conclude that the trial court did not abuse its discretion by setting the supersedeas bond at $1,000. Molinar's motions are denied.

June 16, 2015                    PER CURIAM

Before McClure, C.J., Rodriguez, and Hughes, JJ.