COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


| | | |
|---|---|---|
| JOSHUA BUTLER, | § | No. 08-15-00232-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law No. 4 |
| KAUR HOLDINGS, LLC, | § | of Dallas County, Texas |
| | § | |
| Appellee. | § | (TC# CC-15-02221-D) |
| | § | |

## MEMORANDUM OPINION ON MOTION

Joshua Butler, *pro se*, has filed a motion pursuant to TEX.R.APP.P. 24.4 seeking review of the trial court's order setting the amount of security required to supersede the judgment pending appeal. Finding no abuse of discretion, we deny Butler's motion.

### FACTUAL SUMMARY

Butler is appealing from a judgment awarding Kaur Holdings, LLC possession of real property located in Dallas County, Texas, and unpaid rent in the amount of $2,687.10. Butler filed a motion to set the amount of the supersedeas bond. The trial court determined that the amount of the security necessary to supersede the judgment is $650 per month which represents the monthly rental value of the property. This amount is almost $200 less than the amount of rent Butler is required to pay under the Texas residential lease agreement.

**SUPERSEDEAS BOND**

In his Rule 24.4 motion, Butler asks the Court to review the court's supersedeas order and find that it is excessive because the supersedeas amount should not exceed fifty percent of his net worth. Butler reasons that since his net worth is zero, the supersedeas should have been set at zero.

*Standard of Review and Applicable Law*

As a general rule, a judgment debtor is entitled to supersede the judgment while pursuing an appeal. *Miga v. Jensen*, 299 S.W.3d 98, 100 (Tex. 2009). When the judgment is for the recovery of money, the amount of the bond, deposit, or security must equal the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment. TEX.R.APP.P. 24.2(a)(1). The amount must not exceed the lesser of fifty percent of the judgment debtor's current net worth, or 25 million dollars. TEX.R.APP.P. 24.2(a)(1). When the judgment is for the recovery of an interest in real property, the trial court determines the type of security that the judgment debtor must post, and the amount of security must be at least the value of the property interest's rent or revenue. TEX.R.APP.P. 24.2(a)(2). An appellate court is authorized to review the sufficiency or excessiveness of the amount of security. TEX.R.APP.P. 24.4(a)(1). We may require that the amount of a bond be increased or decreased and that another bond be provided and approved by the trial court clerk. TEX.R.APP.P. 24.4(d).

A trial judge is given broad discretion in determining the amount and type of security required. *Miller v. Kennedy & Minshew, P.C.*, 80 S.W.3d 161, 164 (Tex.App.--Fort Worth 2002, no pet.). Consequently, our review of the trial court's ruling is under the abuse of discretion standard. *EnviroPower, L.L.C. v. Bear, Stearns & Co.*, 265 S.W.3d 1, 2 (Tex.App.--Houston [1st

Dist.] 2008, pet. denied); *TransAmerican Natural Gas Corporation v. Finkelstein*, 905 S.W.2d 412, 414 (Tex.App.--San Antonio 1995, pet. dism'd). A trial court abuses its discretion when it renders an arbitrary and unreasonable decision lacking support in the facts or circumstances of the case, or when it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011)

*No Abuse of Discretion*

Citing Section 52.006 of the Texas Civil Practice and Remedies Code, Butler argues that the amount of security should not exceed fifty percent of his net worth, and since his net worth is zero, he reasons that the supersedeas should have been set at zero. Section 52.006 addresses the amount of security required for a money judgment pending appeal. *See* TEX.CIV.PRAC. & REM.CODE ANN. §52.006(a)(West 2015). In this case, the judgment is for money -- unpaid rent in the amount of $2,687.10 -- but it also awards Kaur Holdings possession of the property. Section 52.006(a) and Rule 24.2(a)(1) apply to the portion of the judgment awarding to Kaur Holdings unpaid rent in the amount of $2,687.10, but these provisions do not apply to the portion of the judgment awarding Kaur Holdings possession of the property. The trial court's order does not set any security for the portion of the judgment awarding Kaur Holdings unpaid rent. Thus, the order effectively set the amount of security for this portion of the judgment at zero.

The judgment also awarded Kaur Holdings possession of the real property. Consequently, the amount of security must be at least the value of the property interest's rent or revenue. TEX.R.APP.P. 24.2(a)(2). The trial court determined that the rental value is $650 monthly, which is almost $200 less than the rent provided for in the lease. In the absence of any evidence that the monthly rental value of the property is less than $650, we are unable to find that the trial court abused its discretion. Butler's motion to review the supersedeas order is

denied.

STEVEN L. HUGHES, Justice

November 20, 2015

Before McClure, C.J., Rodriguez, and Hughes, JJ.